MARY HARRIS, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

In an action upon a policy of life insurance defendant set up as a defence and proved that after the policy had been forfeited by reason of non-payment of premiums defendant was induced by false representations on the part of plaintiff (the assured) as to the health of the insured to receive the back premiums and to revive the policy. The insured died within a week thereafter. Defendant served an offer to allow judgment for the back premiums so received with interest and costs. The court directed a verdict for plaintiff on the ground that it was the duty of defendant, on discovery of the fraud, to have returned, or offered to return, the back premiums and to disaffirm the new contract; and not having done so the fraud was no defence. *Held*, error; that conceding the rule stated to be applicable to the case, it was substantially complied with by the offer of judgment; that defendant was not bound to make the offer before a claim was presented; and as the action was brought soon after the time allowed by the policy for the payment of the claim had elapsed, that the offer was made with sufficient and reasonable promptness; also that it was no answer that the offer not having been accepted within the time prescribed was to be deemed withdrawn, as the non-acceptance was the fault of the plaintiff.

(Argued February 2, 1876; decided February 15, 1876.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict. (Reported below, 3 Hun, 724 ; 6 T. & C., 108.)

This action was upon a policy of life insurance issued by defendant upon the life of plaintiff's wife for $3,000, payable to plaintiff.

The policy contained a clause forfeiting it in case of non-payment of premiums at or before the time specified therein. The amount insured was to be paid in sixty days after proof of death. The premiums were to be paid quarterly.

On March 28, 1870, at which time three quarterly payments were past due and unpaid, plaintiff applied to defendant for leave to pay the back premiums and to have the policy restored. This defendant consented to do upon plaintiff's signing a written statement that the insured was equally as well as when examined for the policy, and that she had not been sick since that time. The insured was at that time, and had been for some weeks, very ill and she died about a week thereafter. Defendant set up the fraud as a defence and served an offer to allow judgment for the amount of back premiums so received, with interest and costs. The court directed a judgment for the plaintiff, holding that it was the duty of the company, at the time of the discovery of the fraud, to have returned, or offered to return, the premiums and to disaffirm the new contract; and not having done so it had made out no defence, to which defendant duly excepted.

*A. R. Dyett* for the appellant. It was no error for the judge to direct a verdict for plaintiff. (*Hutcheons* v. *Johnson*, 43 Barb., 392; 32 id., 171, 176 ; *Wheaton* v. *Baker*, 14 id., 594; *McNevin* v. *Livingston*, 17 J. R., 437; *Bruce* v. *Davenport*, 3 Keyes, 474; 12 N. Y., 18, 23 ; 18 id., 558; 5 Abb. Pr. [N. S.], 420.) The rule that a party desiring to rescind a contract for fraud must act promptly on its discovery and restore what he has received, does not apply where the fraud is set up as a defence to an action on the contract. (5 Abb.

[N. S.], 185–191; 10 Barb., 406, 429, 430; 26 N. Y., 224, 232; 56 id., 673, 674; 48 id., 365, 373; 49 id., 623–626; 3 Seld., 220, 226; 3 E. D. S., 203, 205; 3 Lans., 196; 1 Daly, 209, 211, 212; affirmed, 41 N. Y., 620; 3 Wend., 236; 3 Keyes, 474; 41 Barb., 420; 46 id., 467; 53 N. Y., 637; Parsons' Mer. Law, 57; Chitty on Con. [11th Am. ed.), 1092, notes *y* and *z*.)   A contract may be rescinded for fraud, but until rescinded is in force.   (5 Hill, 389; 39 N. Y., 211, 215; 5 Barb., 319, 322; 13 id., 641, 645; 3 E. D. S., 269, 272; 1 Den., 69; 2 id., 136; 32 Barb., 171; 35 id., 76; 11 How. Pr., 526; 29 N. Y., 358; 46 id., 533; 24 Wend., 74.)

*George De Forest Lord* for the respondent.   A party claiming to rescind a contract must bring the action as plaintiff. (*Ash* v. *Putnam*, 1 Hill, 302; *Voorhees* v. *Earl*, 2 id., 288; *Masson* v. *Bovet*, 1 Den., 69; *Baker* v. *Robbins*, 2 id., 136; *Matteawan Co.* v. *Bentley*, 13 Barb., 641; *Wheaton* v. *Baker*, 14 id., 594; *Willis* v. *Bradley*, 1 Sandf., 560; *Ladd* v. *Moore*, 3 id., 589; *Nichols* v. *Michaels*, 23 N. Y., 364; *Hinney* v. *Kiernan*, 49 id., 164; *Cobb* v. *Hatfield*, 46 id., 533; *Faschierris* v. *Henriques*, 36 Barb., 276; *Pearse* v. *Pettis*, 47 id., 267.)   Defendant was bound to offer to restore what it had received before it could take affirmative action.   (*Nellis* v. *Bradley*, 1 Sandf., 560; *Ladd* v. *Moore*, 3 id., 589; *Nichols* v. *Michaels*, 23 N. Y., 264; *Allerton* v. *Allerton*, 50 id., 670; 36 Barb., 276; *Hawkins* v. *Appleby*, 3 Sandf., 421; *Anderson* v. *Sherwood*, 56 Barb., 66.)

MILLER, J.   It must be conceded that a fraud was committed by the plaintiff upon the defendant, by representations made as to the health of the assured at the time when the back premiums were paid and accepted; and the policy which had been forfeited, by reason of a failure to pay the premiums as they became due, was sought to be restored to its former condition. A single question, therefore, arises upon this appeal, and that is, whether the judge erred in holding that the defendant was bound, upon the discovery of the fraud, to return the premiums and to disaffirm the new contract,

and never having done so, it did not offer any defence to the plaintiff's claim; and in directing a verdict for the plaintiff.

There is no doubt of the correctness of the general rule that where a party seeks to disaffirm a contract upon the ground of fraud he is bound to act promptly upon the discovery of the fraud, and to return, or offer to return, all that he has received under the contract. Rescission on the ground of fraud, failure of consideration, and kindred reasons, is a right in equity; and hence, where the return of the money or property can be made, and equity is thereby done, no good reason exists why the rule stated is not fully complied with. In other words, a man shall not keep what he has obtained under a fraudulent contract, and then claim that it shall be rescinded without any return. The rule referred to is, most generally, applied in actions to recover property, or for a wrong, as to recover the price of goods sold and delivered, or for money paid fraudulently when the plaintiff seeks redress, and hence, ordinarily, has no just and equitable claim until he has restored, or offered to restore, the property or money which he has received. Such actions generally relate to contracts of sales between vendor and vendee, as those already referred to, and not to actions of the character of the one at bar.

Without considering whether the rule referred to precludes a party from setting up the fraud as a defence when money received has not been returned, or an offer made to that effect, and conceding the correctness of the rule as applicable to this case, we are of the opinion that the rule was substantially complied with by the offer made to allow the plaintiff to take judgment for the amount of the premiums paid and entered thereon. The defendant was not bound to make the offer before the claim was presented, and had sixty days from that time to pay the amount. The action was brought soon afterwards, and if the offer had been accepted, would have restored all the parties to their former condition, and done equity between them. The time within which, after the death

of Mrs. Harris, the offer was made was reasonable and sufficiently prompt, and this was all which could be required. In *Allerton* v. *Allerton* (50 N. Y., 670) this court held that the rule that he who seeks to rescind an agreement upon the ground of fraud must place the other party in as good a condition as that in which he was when the agreement was made, is satisfied if the judgment asked for will accomplish that result, and in such case no offer to return that which was received is necessary. It is true, in the case cited, the plaintiff had brought the action claiming that there was fraud, and that the contract was void; but the principle is equally applicable where the defendant asserts that the contract was fraudulent and void.

After stating the rule, that the party seeking to rescind must place the other party in as good a situation as that in which he was when the agreement was made, in the opinion, it is said, by FOLGER, J., "the law looks to the result, and not the means." It was also remarked that the reason of the rule is, that the party shall not retain the thing which is the subject of the contract, and, on his action, recover the price paid for it, or retain the price paid and, on his action, recover the thing; and that this reason is satisfied when the claim made and the judgment sought by the plaintiff will leave with the defendant all that he parted with, and thus put him in as good plight as at the time of the agreement. The same result would have followed here by a judgment in favor of the plaintiff for the premiums paid. It is no answer to say that the offer not having been accepted within the ten days, it was deemed to be withdrawn, for it was the fault of the plaintiff that he did not accept it, and thus obtain restoration of the money which he had paid.

Under the circumstances of this case, as justice has been done, and the result has been attained which the law contemplates, the order of the General Term should be affirmed, and judgment absolute ordered for the defendant, with costs.

All concur; CHURCH, Ch. J., ANDREWS and EARL, JJ., concur in result.

Order affirmed and judgment accordingly.