THOMAS GREEN, APPELLANT, v. AUGUSTUS B. SMITH, RESPONDENT.

*Sale procured by fraudulent pretenses — rescission of contract — when it is sufficient for the defendant, upon the trial, to restore what was received by him.*

The defendant was induced by the false and fraudulent pretenses of the plaintiff to sell to him a horse, buggy and harness, for the price of $250. The price was paid by a promissory note of one Samuel King, of Tioga county, Pennsylvania. There were two persons of that name in that county, one a wealthy farmer, the other an irresponsible, worthless fellow. The note was made by the latter, but the defendant was deceived and believed it was made by the former. On the next day the defendant having discovered the fraud, removed the property from the livery stable where the plaintiff had put it and took possession of it. In this action of replevin brought by the plaintiff, the defendant set up the plaintiff's fraud, and upon the trial for the first time tendered a return of the note.

*Held,* that under the circumstances of the case the offer to return the note upon the trial was sufficient, and entitled the defendant to rescind the contract and retain the property. (LEARNED, P. J., concurring, upon the ground that the note was worthless.)

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury, and from an order made at a Special Term, denying a motion for a new trial.

*Robert Stephens,* for the appellant.

*H. Boardman Smith,* for the respondent.

BOARDMAN, J.:

Taking the verdict of the jury in favor of the defendant to be conclusive upon the facts submitted to it, the case presented is as follows:

On the 27th of August, 1879, the plaintiff by fraud and false pretenses bought of defendant a horse, buggy, harness, etc., for the price of $250, which price was paid in a promissory note of one Samuel King, of Tioga county, Pennsylvania. There were two persons in said county named Samuel King, one a wealthy farmer, and the other, who made the note delivered to defendant, an irresponsible and worthless fellow. The defendant was deceived as to the one who gave the note and delivered the property to the plain-

tiff. On the next day the defendant, having discovered the fraud, went and took possession of the property delivered to plaintiff and removed it from the livery stable where plaintiff had put it. The plaintiff thereupon brought replevin. The defendant answered, setting up the plaintiff's fraud, and upon the trial for the first time tendered a return of the King note. The only question presented for consideration is the ruling of the court holding that the defendant could return the note upon the trial and thus prevent the recovery by the plaintiff.

In order to rescind a contract for fraud and *bring an action against the wrong-doer* the injured party must restore to the wrong-doer whatever of value he has received upon the contract. This general rule is, however, subject to exceptions, and a return upon the trial of the wrong-doer's note, or of a worthless security (*Nichols* v. *Michael*, 23 N. Y., 264), or any other act which would place the wrong-doer in as good a position as he stood before the contract was made would be sufficient. The cases cited by the learned counsel for the plaintiff were decided under these principles. In nearly every case the plaintiff was the injured party seeking a remedy by action for the fraud practiced upon him. Those cases do not, therefore, aid us in a case where the injured party is sued by the wrong-doer to secure the benefit of his fraud. In the present case the defendant has secured actual possession of property obtained of him fraudulently by the plaintiff. The latter by action now attempts to enforce his fraudulent act and insists upon his fraudulent title and right to the possession of the property. The defendant is not the actor. He defends his possession. He sets up his legal and equitable rights and on the trial tenders the return of the note, the fraudulent instrument which the plaintiff used to get possession of the property. This would seem to be enough and more even perhaps than the plaintiff under the verdict could justly claim.

From the whole case and from the verdict of the jury it may be inferred that this was a note without consideration and worthless, made expressly as an instrument of fraud, and if so its return at any stage of the affair was needless. The defendant's right to rescind was not ended when plaintiff's action was begun. He retained the same right after as before. The tender of the note on the trial was a rescission at that time, and nothing had then occurred to take away

the right. The taking of the property was an act indicating a determination to rescind, and the tender of the note on the trial restored the plaintiff to all of his rights.

Such is the doctrine established in *Harris* v. *Equitable Life* (3 Hun, 725) by Judge DAVIS in a well considered opinion. That judgment was affirmed in the Court of Appeals (64 N. Y., 196), holding an offer made by a defrauded party after suit brought by the wrong-doer was sufficient.

The case as it comes before us shows a defendant innocent of wrong, in possession of property which must be conceded belonged to him. Can it be necessary or proper that courts of justice must return such property to the wrong-doer on his application and turn the defendant over to the same courts for redress in damages or to procure restoration to him of his own property? If the defendant had not got the possession of his property he could have had his action to recover it. Having possession of it, and being sued therefor by the plaintiff, is he any the less entitled to retain the possession because he was sued before he offered to return the note? His defense is both legal and equitable. If the plaintiff suffers it is due to his own fraudulent and dishonest act, and courts will not go to the romantic extent of striving to protect a fraudulent purchaser of property from the consequences of his own dishonest act. It may even be true that a judgment in favor of the plaintiff under the issues in this case would bar any subsequent action for the wrong conceded, under the verdict, to have been done him.

The rights of the parties have been determined by this judgment in accordance with justice and equity and the result should not be disturbed.

The judgment should be affirmed, with costs.

BOCKES, J., concurred.

LEARNED, P. J., concurred on the ground of the worthlessness of the note.

Judgment and order affirmed, with costs.