EGAN et al. v. SUPREME COUNCIL CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

INSURANCE—FALSE STATEMENTS IN APPLICATION.
If an applicant for life insurance declares in the application, prepared by the company, that the statements contained therein are true, "to the best of his knowledge and belief," and consents that any untrue or fraudulent statement shall forfeit his right, a recovery upon the policy cannot be defeated by evidence that he was in fact three or four years older than he stated, without evidence of fraud, or of knowledge or belief on his part that his statement was not true.

Appeal from trial term, Kings county.

Action by Margaret Egan and Catherine Egan, Jr., by Matthew Egan and another, their guardians, against the Supreme Council Catholic Benevolent Legion. From a judgment in favor of plaintiffs for the amount of a certain policy of insurance, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John C. McGuire, for appellant.
Edward Herrmann, for respondents.

WOODWARD, J. Michael Egan, on the 15th day of July, 1886, made an application for insurance to the defendant. This application, in so far as it is necessary for this decision, is as follows:

"Having become acquainted with the objects of your Legion, I hereby make application for second-grade membership in your council, and do declare, upon my honor, that the statements that I have made, or shall make, herein, and subscribed to, are each and every one of them true, to the best of my knowledge and belief. * * * I reside at Perth Amboy, state of New Jersey. I was born on the —— day of June, 1855. Am between twenty-nine and thirty years of age. * * * I do hereby consent and agree that any untrue or fraudulent statement made above, or to the medical examiner, or any conceal-

ment of facts by me in this application, or my suspension or expulsion from, or voluntarily severing my connection with, this Legion, shall forfeit the rights of myself and my family or dependents to all benefits and privileges therein."

In making proofs of the death of Michael Egan, the physician who last attended him states that his apparent age was between 45 and 50 years, and the defendant introduced evidence tending to show that the deceased was from 3 to 4 years older than he represented himself at the time of making his application for this insurance. The rates of insurance in the defendant organization are based upon age, and the defendant, on proof of death, offered to pay the claim upon the basis of what had been paid in, making the amount $750, instead of $1,000. This the plaintiffs refused, and this action was brought to determine the rights of the parties under the contract. The trial court, after receiving the evidence, directed a verdict for the plaintiffs, on the ground that the statements made by the insured did not constitute a warranty of the truthfulness of the representations. The defendant excepted to this direction of the court, and in its own behalf asked that the court direct a judgment in favor of the defendant.

There is but one question in this case. If the statement as to the age of the insured was a warranty, then the judgment cannot be supported. If it was not, the direction of a verdict for the plaintiffs was justified, and the judgment should be affirmed. The language of the application, as well as of the policy of insurance, is selected by the defendant, and is to be taken most strongly against it. In the case of Fitch v. Insurance Co., 59 N. Y. 557, where the language of the contract was much stronger than in the case at bar, the court say, at page 566:

"Although the term 'warranty' is used in both instruments, it must be construed with reference to the other language employed in the same instruments. These instruments were prepared by the defendant, and themselves explain the degree of responsibility to be assumed by the applicant in answering the questions propounded to him. Although the word 'warranty' is employed, yet, if the explanations accompanying that term show that a strict warranty was not intended, these explanations given by the defendant itself in the papers, and which induced the applicant to undertake to answer the questions and enter into the contract, must govern."

In the case at bar there was no claim that there was any fraud on the part of the insured. He stated his age to the best of his knowledge and belief, and there was no evidence that he had any knowledge or belief different from that which he stated in his application, though evidence was introduced on the trial tending to show that he was, in fact, several years older than the date of his birth, as given in the application, would establish. He did not warrant his statements to be true. He simply says that each and every one of them are true "to the best of my knowledge and belief"; and he further consents and agrees "that any untrue or fraudulent statement made above, or to the medical examiner, or any concealment of facts by me in this application, or my suspension or expulsion from, or voluntarily severing my connection with, this Legion, shall forfeit the rights of myself and my family or dependents to all benefits and privileges therein." This simply says that if any statement is untrue or fraudulent,— if he has intentionally stated that which, to his knowledge and belief,

is not true,—it shall operate to vitiate the insurance; but there is no agreement that a statement false in fact, but made to the best of his knowledge and belief, shall have the effect to defeat the objects for which he has, for a series of years, contributed his money in good faith; and the courts of this state will not attempt to make a better contract for the insurers than they have themselves formulated and subscribed, by construing into a warranty the statements of the insured made to the best of his knowledge and belief. "Under this view of the contract, it was necessary," say the court in Fitch v. Insurance Co., supra, "in order to sustain the defense, to show, not only that the statements were untrue, but that they were known by the insured so to be, and that they and the alleged omissions were made intentionally and with a fraudulent design; and, to entitle the defendant to the nonsuit asked, it was necessary that this fraud should be so conclusively proved that there was no question for the jury." This was a case where the language of the contract made all of the allegations warranties, but the court refused to give them this effect. and permitted the plaintiff to recover, although it was admitted that there "was some evidence tending to show fraud in the statement and in omitting to mention certain facts." The same doctrine is held in the case of Titus v. Insurance Co., 81 N. Y. 410, and in Wood v. Insurance Co., 126 Mass. 316, and this is undoubtedly the law of this case.

The judgment of the trial court should be affirmed, with costs. All concur.

