76 N. Y. 133; Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184; In re Baer, 147 N. Y. 348, 41 N. E. 702; In re Brown, 154 N. Y. 313, 48 N. E. 537. The rule, however, has many exceptions. Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; In re Tienken, 131 N. Y. 391, 30 N. E. 109; In re Young, 145 N. Y. 535, 40 N. E. 226; Shangle v. Hallock, 6 App. Div. 55, 39 N. Y. Supp. 619. In the present case the only gift of the brickyard property is the direction to the executors to divide its proceeds upon the death of the widow. If this direction stood alone, the case would fall within the general rule; but the direction is to divide the proceeds of the brickyard property, "together with all money or moneys belonging to my said estate." It is conceded by the counsel for the appellants, and could not well be questioned, that the estate other than the brickyard vested in the testator's children living at his death, not subject to be devested in any contingency whatever; the substitution of children for their parents referring only to the case of death during the life of the testator. The direction to divide in the fourth clause of the will evidently contemplated that the distribution of the proceeds of the brickyard property should be among the same persons as those among whom the remainder of the estate was to be divided, and in the same shares. This, in our opinion, takes the case without the general rule; and we hold that the shares of those children of the testator who died prior to the decease of the widow were not devested by such death, but passed to their personal representatives.

The judgment of the special term should be affirmed, with costs to all parties to be paid out of the estate. All concur.

(43 App. Div. 531.)

BUTLER v. SUPREME COUNCIL CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. TRIAL—DISMISSAL—DISAGREEMENT OF JURY.
   The court may dismiss a complaint after the jury have reported their disagreement, if the evidence is insufficient to justify a verdict.

2. INSURANCE—BREACH OF WARRANTY AS TO AGE—EVIDENCE.
   In an action by a beneficiary on a policy of insurance, in which a breach of warranty in the application that insured was not over 55 years of age is interposed as a defense, the uncontradicted evidence of the beneficiary, showing that she was 55 years of age when the certificate of membership was granted, and that insured was 10 years older than she, is sufficient to overcome the presumption that his warranty was true, and to establish that the membership was obtained by fraudulent misrepresentation of a material fact.

Appeal from trial term, Kings county.

Action by Maria Butler against the Supreme Council Catholic Benevolent Legion on a policy of insurance issued to her husband. From a judgment for defendant and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

August W. Glatzmayer, for appellant.
John C. McGuire, for respondent.

WOODWARD, J.   On, the 7th day of June, 1897, Michael C. Butler made application to the Catholic Benevolent Legion, the defendant, for membership in the second grade, through La Fayette Council.   In this application he warranted as true "every statement made by me upon this application, and every answer and statement I shall make to the medical examiner."   The constitution and by-laws of the defendant, it is conceded, fix 55 years as the limit beyond which it will not issue its policy of insurance.   Mr. Butler, in making his application, stated that:   "I was born at Parish Cam, county of Roscommon, state of Ireland, on the 16th day of August, 1842; am between fifty-four and fifty-five years of age."   He was admitted to the order on the 14th day of August, 1897, two days before reaching the age limit, according to his statement, and he died soon afterwards, leaving a widow as his beneficiary.   She made proofs of death, and demanded payment, which was refused, on the ground that the deceased had made false statements in his application, and that he was in fact above the age limit at the time of the application and admission to the order.   The pleadings concede all of the facts necessary to the plaintiff's cause of action, but set up the affirmative defense that the deceased was guilty of fraud in gaining admission to the order, in that he misrepresented his age.   The learned trial court submitted the question to the jury, which, after being out some time, reported that it was unable to agree.   The court then announced that it would dismiss the complaint, to which plaintiff's attorney duly excepted, and an appeal comes to this court.

While the proceeding on the part of the learned trial court was somewhat extraordinary, there does not appear to be any good reason why the court could not grant the motion of the defendant for the direction of a verdict or a dismissal of the complaint at any time before the jury had acted, if the evidence was not sufficient to justify a verdict for the plaintiff.   It was conceded on the trial that the statements made in the application of the deceased constituted a warranty, thus taking the case out of the rule laid down in Egan v. Supreme Council, 32 App. Div. 245, 52 N. Y. Supp. 978, where it was held that the warranty was subject to the condition that the statements were true to the best of the applicant's knowledge and belief, and that it was necessary for the defendant to show that the statements were not only false, but that they were false to the knowledge and belief of the applicant.   The application in the case at bar is materially different from the one involved in the Egan Case, and there can be no doubt, independent of the admission of counsel, that the applicant undertook, in the case at bar, to warrant his age at less than 55 years.

While the statements of the applicant are entitled to the presumption that they are true, the evidence of the plaintiff that she was 18 years old at the time of her marriage to Mr. Butler, in 1860, making her 55 years of age at the time the certificate of membership was granted to her husband, and her statement that "I suppose he was ten years older than I," are sufficient to overcome this presumption, and to establish the fact that the insured was above the age fixed by the constitution of the defendant for admission to the order.   This uncontradicted evidence of the plaintiff, supported by

the circumstances brought out by the testimony by commissions from the former home of the insured in Ireland, is such as to establish the fact that the membership in the order of the defendant was gained by a fraudulent misrepresentation of a material fact; that the applicant was, in fact, more than 60 years of age at the time of entering the order. This being true, he never had any real membership, and his beneficiary cannot recover on the policy issued.

The judgment appealed from should be affirmed, with costs. All concur.