## MEEHAN v. SUPREME COUNCIL CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, Second Department.   June 10, 1904.)

1. TRIAL—DIRECTING VERDICT—EVIDENCE.
    In an action on a benefit certificate, the evidence as to the member's age considered, and *held* to warrant the direction of a verdict for defendant on the ground that he was ineligible because beyond the age limit when he applied for membership.

2. SAME—BAPTISMAL RECORDS—ADMISSIBILITY.
    In an action on a benefit certificate, a baptismal record of the church where the member was baptized is admissible on an issue as to his age.
    Hirschberg, P. J., and Bartlett, J., dissenting.

Appeal from Trial Term.

Action by Belinda Meehan against the Supreme Council Catholic Benevolent Legion.   From a judgment for defendant, the plaintiff appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edward Herrmann, for appellant.
John C. McGuire, for respondent.

JENKS, J.   The action is brought to recover upon a certificate of membership in a benefit corporation.   It is defended on the ground that the member was ineligible because he was beyond the age limit when he applied for membership.   It was admitted that if he was then upward of 55 years of age he was barred, and it was conceded that the sole issue was the age of the decedent.   The learned court, at the close of the testimony, directed a verdict for the defendant, and the plaintiff appeals.

The learned counsel for the appellant insists that the case should have been submitted to the jury, and invokes the authority of McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282. That decision is but a reiteration of the principle that the jury is the trier of the facts.   But the opinion states that there must be an actual issue of fact, and if, on the contrary, the evidence is insufficient, or if it has been answered so conclusively that as matter of law no question of credibility or issue of fact is left, or if there is no evidence to sustain an opposite verdict, then the court may direct a verdict.

I think that the learned court (Nash, J.) did not err in assuming that there was no evidence to sustain a verdict for the plaintiff, or that, so far as the evidence first made for her, it was so conclusively answered as to warrant a verdict for the defendant.   The decedent stated in his application, made on October 2, 1894, that he was then between 53 and 54 years of age, and that he was born on December 5, 1841.   The evidence adduced by the plaintiff is her testimony and that of James Maloney.   The plaintiff testifies that she had known the decedent, who was her husband, since she was 8 years old; that from what her mother had told her she believes that she is 60 years old, but from the records of her baptism which she had procured from the Holy Roman Church of her parish in Ireland she believes that

she is 63 years old. She also testifies that her husband was a year or two older than she was, and that, as appeared from her marriage certificate read in evidence, they intermarried in 1858. Mr. Maloney testifies that he knew the decedent, whom he first met in 1856, and that he attended a dancing school with him in 1856, 1857, and 1858. He testifies that he is 69 years and 4 months old; that in 1857 the decedent looked to be about 17 years old, as he believed, and that there was a difference of about 7 years between them. If the decedent was born in December, 1841, as he stated in his application, then when he intermarried with the plaintiff in 1858 he was 16 years and 5 months old. If at that time he was a year or two older than his bride, as she testifies, then she was at that time either 14 or 15 years of age. But she testifies that by her mother's say so she was 17 years old, and by her deduction from the said parish register 20 years of age, at the time of the marriage. If we credit the parish record rather than her mother's speech, then she was 20 years old at the time of her marriage; and, crediting her own statement that her husband was a year or two older, then he was married at the age of 22 years. If this be the fact, he was born in 1836, and was 58 years of age when he sought membership in the defendant. This sustains the contention of the defendant, and bears out the parish record, read by it in evidence, which shows that a son of the decedent's father and mother, named as this decedent was named, was baptized in April, 1836. Again, this register shows that a full sister of Edward Meighan or Meehan, named Julia, was baptized on May 27, 1842. If this be true, and if it also be true that, as stated by the decedent, he was born on December 5, 1841, then Julia was baptized a little more than 5 months after the decedent was born. But the sister of Edward Meehan testifies that Edward was next in age to her, and it appears that she was baptized in 1833; consequently it follows that Edward was older than Julia. If Edward was the senior of Julia, it is almost, if not altogether, a physical impossibility that he could have been born on December 5, 1841, and yet a younger full sister have been born so as to be baptized on May 27, 1842.

I think that there was no question sufficiently raised as to the identity of the decedent with the Edward Meighan named in the parish register. The testimony shows that the name was spelled in either way, the principle of idem sonans applies, and the identification of the decedent as Edward, a son of Thomas Meighan and Mary Wall, is clearly established by the testimony of his sister Catherine and of others.

When the testimony was closed, the case presented to the learned court the testimony of the plaintiff (which, as to the facts stated by her and their logical probative force, made for the defendant), and the testimony of a witness whose acquaintance with the defendant, founded in dancing school in 1856, 1857, 1858, was apparently limited to such association "during the session," and, for aught that appeared, ended more than 40 years ago. "In 1857 Edward Meehan looked to be about 17 years old, I believe. There was a difference of about 7 years in our ages." He gives no fact whatever for the basis of his final bald assertion.

Opposed to the plaintiff, then, are many of the facts of her own testimony, the parish records, and the statements of relatives and neighbors of the Meehans. It is true that these statements are not as definite as they might be, and they do not fully accord, but never-theless they tend to show that the decedent was beyond the age limit when he applied for membership in the defendant. In the final analysis the plaintiff had but little, if anything, to rest upon in the testimony adduced by her, save the final statement of the witness James Maloney. That is plainly insufficient to sustain a verdict for the plaintiff, when opposed by the evidence presented by the defendant.

I think that the exception to the admission of the baptismal record of the parish church is not well taken. It is true that in a case cited as in 15 N. Y. Supp. 41, by the learned counsel for the appellant (Preuster v. Supreme Council, 60 Hun, 324, 327, 15 N. Y. Supp. 41), the court say that a copy of an entry in the baptismal register of St. Stephen's Church at Langensalza, Saxony, was inadmissible as evidence in that case, but it gives no reason and cites no authority. I cannot, therefore, determine the ground of the decision; it may have been based upon some fault in proof, or some circumstance peculiar to that case. But that such a register was admissible is expressly held in Maxwell v. Chapman, 8 Barb. 579, 582, and by the former General Term of this department in Jacobi v. Order of Germania, 73 Hun, 602, 26 N. Y. Supp. 318, and the decision is cited for the like proposition in Hartshorn v. Metropolitan Life Ins. Co., 55 App. Div. 471, 67 N. Y. Supp. 13.

The judgment should be affirmed, with costs. All concur, except HIRSCHBERG, P. J., and BARTLETT, J., who dissent on the ground that in their opinion the question was one for submission to the jury.