PIRRUNG v. SUPREME COUNCIL OF CATHOLIC MUT. BEN. ASS'N.

(Supreme Court, Appellate Division, Fourth Department.  May 3, 1905.)

1. INSURANCE—AGE—MISSTATEMENTS—ASSOCIATIONS—BY-LAWS.

Where the by-laws of an insurance association provided that no person should be entitled to initiation who was over 50 years of age, the beneficiaries of a member who was more than 50 years of age at the time he joined the society could not recover on the certificate, in the absence of proof that such member was induced to join by false or fraudulent representations as to his eligibility, or that he paid assessments on the faith of any such representation, whether his statement as to age was a warranty or only a representation.

2. SAME—ACTS OF OFFICERS.

Where an insurance society's constitution prohibited the initiation of members over 50 years of age, its officers or agents had no power to admit such a person to membership, and their acts in so doing created no liability in favor of the member's beneficiaries, unless the member was induced to join through the fraud or misrepresentation of such officers.

3. SAME—FOREIGN LAWS—PROOF.

Under Code Civ. Proc. § 942, declaring that a foreign statute may be proved by producing the statute contained in a publication purporting or proved to have been published by the authority of the foreign country, or proved to be commonly admitted as evidence of existing law in the judicial tribunals thereof, evidence of a non-expert as to whether foreign records of vital statistics were kept under the directions of the laws of the foreign country was inadmissible.

4. SAME—PEDIGREE—VITAL STATISTICS—PROOF.

Foreign records of vital statistics were inadmissible to prove the age of insured, in the absence of evidence showing whether they were kept pursuant to a custom of a church or because of some statute requiring the same, and, if the latter, without proof of the statute in the manner prescribed by Code Civ. Proc. § 942.

5. SAME—TRIAL—WITHDRAWAL OF JUROR.

Where plaintiff's right to recover on a benefit certificate depended on whether insured was under 50 years of age at the time he was initiated, and defendant had introduced evidence by insured's daughter that her father had stated to her on many occasions that he was more than 50 years old when he joined the defendant order, but defendant's offer of certain foreign records of vital statistics tending to show plaintiff's age was excluded for failure to prove the foreign law under which such records were kept, the refusal of the court to permit defendant thereupon to withdraw a juror on the ground of surprise was not a proper exercise of discretion.

Appeal from Trial Term, Erie County.

Action by Peter Pirrung, individually and as guardian ad litem of Helen Pirrung Kurtz and another, infants, against the Supreme Council of the Catholic Mutual Benefit Association. From a judgment in favor of plaintiff and from an order denying a motion for new trial, defendant appeals. Affirmed on condition.

The action was commenced on the 8th day of December, 1902, to recover the sum of $2,000 upon a certificate of membership in the defendant association, issued to one John Pirrung. Practically the only defense interposed was that John Pirrung, the alleged member of the defendant, was ineligible to membership at the time he assumed to join the association because over 50 years of age.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

John J. Hynes (V. H. Riordan, of counsel), for appellant.
John F. McGee, for respondent.

McLENNAN, P. J.  John Pirrung applied for membership in
the defendant association on January 30, 1889.  In his written
application he stated that he was born at Stennweiler, Germany,
on the 16th day of April, 1839, which, if true, would make him
at the date of his application 49 years, 9 months, and 14 days of
age.  On the 2d day of February, 1889, he submitted to a medical
examination by a medical examiner of the defendant, and again
gave the date and place of his birth as above.  He was initiated
into the defendant association on the 27th day of March, 1889,
which was prior to his fiftieth birthday, if born at the time stated
by him.  At the time of the application of John Pirrung for mem-
bership and of his initiation as a member of the defendant asso-
ciation, and continuously ever since, the defendant's constitution
provided: "No person shall be entitled to initiation in the asso-
ciation except they be males  *  *  *  of the full age of eighteen
years and who shall not be over fifty years of age at the time of
the initiation."  From the time of his initiation to the time of
his death, which occurred February 17, 1902, it is admitted that
John Pirrung paid his dues and assessments regularly, and per-
formed all other duties as required by the rules and by-laws of
the defendant.  But upon his death the defendant, claiming that
he was more than 50 years of age when he made application for
membership and was initiated as a member of the defendant
association, refused to pay the claim of his beneficiaries, and this
action was brought.  By the pleadings and upon the trial the only
question of fact presented was whether or not John Pirrung, at the
time when he assumed to become a member of the defendant, was
over 50 years of age.  There is no suggestion in the record that
John Pirrung was induced to join the defendant by false or fraudu-
lent representations to the effect that he was eligible to member-
ship although more than 50 years of age, or that he paid any as-
sessments or dues because of any such statement or representation.
We think under such circumstances it must be held as matter of
law that if John Pirrung was in fact over 50 years of age at the
time he made his application and was initiated into the defendant
association he was ineligible, and that the defendant, not being
aware of the fact, did not become liable on account of the certificate
of membership issued to him; and that this is so entirely inde-
pendent of whether or not his statement as to his age be regarded
as a warranty or as a representation only.  Meehan v. Supreme
Council, 95 App. Div. 142, 88 N. Y. Supp. 821.  By the terms of
the defendant's constitution any one who had passed the age of
50 years was ineligible to become a member.  Its officers or agents
had no power to admit such to membership, and their acts in that
regard would be null and void and would create no liability in

favor of the persons named as beneficiaries of such alleged member; certainly not unless such person was induced to join through the fraud or misrepresentation of the officers or agents of the defendant, which is not claimed in this case.

To maintain the issues on his part the plaintiff simply made formal proof of the facts that John Pirrung had joined the defendant, had regularly paid his dues and assessments, of his death, put the certificate of membership in evidence, and rested. The defendant called as a witness a daughter of the deceased, who stated, in substance, that her father had stated to her on many occasions that he was more than 50 years of age when he joined the defendant; that he was aware of the fact; and, in substance, that he was a year older than stated by him in his application for membership. The defendant also offered to read in evidence a deposition of one Anton Bettinger, the mayor and civil director of Schiffweiler, Germany. It appeared that as such mayor and civil director he was the custodian of the records of vital statistics of Stennweiler; that being the place where it is claimed that the said John Pirrung, the insured, was born. It also appeared that these records had been kept since the year 1800, and that they included births, marriages, and deaths. In the deposition which was offered in evidence the witness was asked: "Q. Are such records of vital statistics kept under the direction of the laws of Germany?" This question was objected to on the grounds that the witness was not qualified to prove the laws of Germany, and, second, that under section 942 of the Code of Civil Procedure oral testimony could not be given to prove a foreign law. The objection was sustained, and the defendant excepted. The remainder of the deposition, which it is claimed contained an authenticated copy of the birth record of the insured, was excluded, and the portion thus excluded stated, in substance, that one John Pirrung, claimed to be the insured, was in fact born in 1838, instead of in 1839, as represented by him. It is claimed on behalf of the defendant that the exclusion of the evidence referred to constituted reversible error. Section 942 of the Code of Civil Procedure prescribes the manner in which a statute or other written law of another state or foreign country may be proven in order to entitle it to be admitted in evidence. That is to be done by producing such statute or other written law contained in a book or publication purporting or proved to have been published by the authority of such other state or foreign country, or proved to be commonly admitted as evidence of existing law in the judicial tribunals thereof; and when so proven it becomes presumptive evidence. Nothing of the kind was sought to be done in the case at bar. Whether the record of vital statistics which was offered in evidence was kept pursuant to a custom of the church, or because of some statute enacted in that regard, in no manner appears, and we think it was not competent to prove the existence of such a law by the statement of a witness that the record which it was sought to introduce in evidence was kept in conformity thereto or in pursuance thereof. The witness was not shown to be an expert in the

law. He was simply shown to have kept a certain record for a number of years; but whether it was kept pursuant to a statute, or by reason of some custom of the church or locality or otherwise, in no manner appears. If kept pursuant to statute, we think such statute should have been proven in the manner prescribed under section 942 of the Code of Civil Procedure. The conclusion is reached that the evidence was properly excluded.

Immediately upon the exclusion of such evidence the defendant asked that it be permitted to withdraw a juror upon the ground that it was taken by surprise, and in order that it might be able to produce the statute or law of Germany under which the record of vital statistics in question was kept. Such application on the part of the defendant was denied, and an exception duly taken. The defendant offered no other evidence, but rested. The plaintiff then called several witnesses, who gave evidence tending to show that the insured had not misrepresented his age in his application for membership in the defendant association. The case was then submitted to the jury, who found a verdict in favor of the plaintiff.

We think that under the circumstances of this case the application of the defendant for permission to withdraw a juror ought to have been granted. There was only one issue in the case, to wit, the age of the insured at the time when he applied to become a member of the defendant. The defendant had given important evidence upon that issue by the daughter of the deceased, who, if her evidence is to be believed, very conclusively established that her father was a year older than he represented himself to be when he made his application for membership in the defendant. Certainly if, in addition to such testimony, the defendant is permitted to show that by records kept in the former residence and birthplace of the deceased, pursuant to the laws of Germany, and in conformity therewith, the insured was born in 1838, instead of 1839, it would be very potential in establishing the fact. The case at bar is not one where the plaintiff had developed all the facts as to the age of the deceased before the application for the withdrawal of a juror was made, but the plaintiff only made the formal proof, and such as would entitle him to recover in the first instance. The defendant then undertook the burden of establishing that the insured was more than 50 years of age when he became a member of the defendant, and after its first and only witness had been sworn it sought to introduce the record of vital statistics kept at the place where it is claimed the deceased was born, and which, if authentic, established that he was more than 50 years of age at the time he joined the defendant association. While we appreciate that a motion of this kind is largely addressed to the sound discretion of the trial court, we think that under the circumstances the motion should have been granted upon condition that the defendant within 20 days pay to the plaintiff the taxable costs after service of the answer, including the trial fee and witnesses' fees.

Judgment and order affirmed, with costs, unless within 20 days the defendant pay to the plaintiff all taxable costs and disbursements after service of the answer, exclusive of those on this appeal;

in which event the judgment and order are reversed, and new trial granted, with costs of this appeal to the appellant to abide event. All concur.