(78 Misc. Rep. 499.)

WALTZ v. WORKMEN'S SICK AND DEATH BENEFIT FUND OF THE UNITED STATES OF AMERICA.

(City Court of New York, Trial Term. December, 1912.)

1. INSURANCE (§ 723*)—MUTUAL BENEFIT ASSOCIATION—MISREPRESENTATIONS —AGE.

Where, in an action on a mutual benefit certificate, the only issue was an alleged misrepresentation as to the insured's age, defendant claiming that he was over 45, and noninsurable under defendant's constitution and by-laws, instead of 42, as specified in the application, such misrepresentation constituted a defense, whether it was a breach of warranty or mere misrepresentation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.*]

2. EVIDENCE (§ 349*)—AGE—BAPTISMAL RECORD.

Where plaintiff sued on a mutual benefit policy issued to W., who was born in G., France, a duly authenticated transcript of the birth or baptismal record of W., showing that his birth was duly registered in the office of the mayor of the town of G., in February, 1843, was admissible to show insured's age, and was not objectionable for failure to sufficiently identify the person named in the record with insured.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1384–1387; Dec. Dig. § 349.*]

3. INSURANCE (§ 730*)—JUDGMENT (§ 199*)—FRAUD—RESCISSION—TENDER OF ASSESSMENTS.

Where plaintiff's huband died after having been a member of defendant insurance society for 21 years, and defendant repudiated liability for misrepresentation concerning insured's age, it was bound, as a condition of its right to rescind, to tender or offer to return the dues and assessments paid by insured, with interest, and, no such tender having been made, the court was authorized by Code Civ. Proc. § 1185, to set aside a verdict directed for defendant and render judgment for plaintiff for the full amount of the certificate; both parties having moved at the trial for a directed verdict.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1877; Dec. Dig. § 730;* Judgment, Cent. Dig. §§ 367–375; Dec. Dig. § 199.*]

Action by Marie Waltz against the Workmen's Sick and Death Benefit Fund of the United States of America. Judgment for defendant.

Jacob I. Wiener, of New York City, for plaintiff.
Hillquit & Levene, of New York City, for defendant.

GREEN, J. This action was brought by the plaintiff to recover from the defendant, a fraternal association, a death benefit arising under and by virtue of a certificate of membership issued by the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant to the plaintiff's intestate, her husband. The defense of the defendant is based on alleged fraud, and the claim is made that the plaintiff is not entitled to recover by reason of the fact that plaintiff's intestate in his application for membership alleged that he was 42 years of age, whereas in truth and fact at the time when he signed the application he was 45 years, 7 months, and 12 days old, and that the plaintiff's intestate was above the age at which under the constitution and by-laws of the defendant society, to wit, 7 months and 12 days older than allowed for the admission of members. While the evidence discloses no serious disputation of the defense interposed, the plaintiff nevertheless contends that neither in the answer, nor on the trial, nor at any time, did the defendant offer to return the money received as dues, and that consequently there was no rescission of the contract in law, and that plaintiff is entitled to judgment. This action came on for trial before the court and a jury at Trial Term, and after the case was closed counsel for both sides moved for a direction of a verdict. The court thereupon directed a verdict in favor of the defendant, subject to the opinion of the court; and the question of plaintiff's right to judgment is now before the court.

[1] The plaintiff is the widow of one Alois Waltz, who was a member of the defendant association at the time of his death. The defendant is a fraternal insurance association, and during the membership of the plaintiff's intestate had a constitution and by-laws binding upon it and upon its members. The plaintiff's intestate joined the defendant society on the 13th day of September, 1888, so that at the time of his death he had been a member of the society for 22 years. The provision of the constitution of defendant material to the questions herein involved is as follows:

"Every reputable workingman who has reached the age of 18 years and has not passed the age of 45 years is admissible to membership in this society."

The constitution further provides that every member may designate a beneficiary to whom, upon the death of the member, the society will pay a death benefit. At the time that the aforesaid Alois Waltz joined the defendant society, he stated in his application that he was 42 years of age, and upon this representation he was admitted to membership, and thereafter appointed this plaintiff, Marie Waltz, his beneficiary to receive any death benefit which might become payable according to the constitution of the defendant. It is true that no statement in his application, from the language thereof, may be interpreted as a warranty. Upon the death of the said Alois Waltz the plaintiff presented proper proofs of claim, and among other things a death certificate, and it thereupon appeared that the said Alois Waltz was not 42 years of age at the time of his admission on September 13, 1888, but was more than 45 years of age at that time.

[2] The said Alois Waltz was born in Guebvillier, department of Haut-Rhin, France, and the defendant offered in evidence a duly authenticated transcript of the birth or baptismal record of said Alois Waltz, showing that his birth was duly registered in the of-

fice of the mayor of the said town of Guebvillier on the first Wednesday of February in the year 1843. This evidence was in no way controverted by the plaintiff, and it therefore appears that the said Alois Waltz was born prior to the first Wednesday of February, 1843, and that, therefore, on the 13th day of September, 1888, he was more than 45 years of age. Counsel for the plaintiff raised no objection to the introduction of this evidence, save upon the ground of its competency, and also as to the identification of the person therein named with plaintiff's intestate; but this objection is clearly untenable under the authority of Hartshorn v. Met. Life Ins. Co., 55 App. Div. 471, 67 N. Y. Supp. 13, which disposes effectually of that question. Counsel for defendant says in his brief:

"After both sides rested there was no actual issue of fact before the court which could be submitted to the jury. The documentary evidence offered by the defendant conclusively established the fact that Alois Waltz was more than 45 years of age at the time of joining the society. This evidence the plaintiff did not contradict, although the only issue raised by the pleadings was the age of the decedent at the time of signing the application for membership. There was, therefore, no evidence offered by the plaintiff to sustain a verdict in her favor, and there was nothing for the court to do but direct a verdict for the defendant."

With this statement I concur, with this exception, that if plaintiff's contention be sound, that, there being no offer to return the premiums or dues paid at any time, and no offer of judgment at or before the trial, there was no rescission of the contract in law, then plaintiff is entitled to recover, upon the theory that defendant cannot retain the dues or premiums and claim rescission of the contract. This is the only real question involved in this case, and, were the question of rescission absent, there must be judgment for the defendant, for I am of the opinion that upon the question of the misstatement of age, whether considered as a warranty or as a mere representation, the deceased member having been more than 45 years of age at the time that he joined the society, the plaintiff could not recover any death benefit from the defendant. The authorities seem to be conclusive upon that point. In the case of Pirrung v. Supreme Council of Catholic Mut. Ben. Ass'n, 104 App. Div. 571, at page 573, 93 N. Y. Supp. 575, at page 576, it was held that, where the constitution of a mutual benefit life insurance association provided that any person over the age of 50 years shall be ineligible for membership, the officers or agents of the association have no power to admit to membership a person over the age of 50 years, and if they assume to do so their action will create no liability against the association, and in that case, where a member of such association stated in his application for membership that his age was 49 years, and after his death it developed that he was actually over 50 years of age at the time that he made the application, the association was held not liable upon the certificate of membership issued to such member, independent of whether the member's statement of his age be regarded as a warranty or a representation only. Presiding Justice McLennan, of the Appellate Division, Fourth Department, in reviewing the facts in the above

case, after referring to the constitution of the defendant society, which contained a provision almost identical with the provision in the case at bar as to the limitation of age for proposed members, stated the law to be as follows:

"We think under such circumstances it must be held as matter of law that, if John Pirrung was in fact over 50 years of age at the time he made his application, and was initiated into defendant association, he was ineligible, and that the defendant, not being aware of the fact, did not become liable on account of the certificate of membership issued to him, and that this is so entirely independent of whether or not his statement as to his age be regarded as a warranty or as a representation only, * * * and that the officers or agents of the said society had no power to admit such to membership, and their acts in that regard would be null and void, and would create no liability in favor of the persons named as beneficiaries of such alleged member"—citing Meehan v. Supreme Council, 95 App. Div. 142, 88 N. Y. Supp. 821, affirmed 194 N. Y. 577, 88 N. E. 1125.

Counsel for the plaintiff has cited the case of Egan v. Supreme Council, Catholic Benevolent Legion, 32 App. Div. 245, 52 N. Y. Supp. 978, affirmed 161 N. Y. 650, 57 N. E. 1109. It is true that in that case the court held that a misrepresentation of several years as to the age of the member at the time of his admission into the society was not fatal, and did not constitute an absolute defense to a claim thereafter made for the death benefit or insurance money; but in that case, while the record does not show it, it is claimed by counsel for defendant that the member at the time of his admission was not beyond the age limit fixed in the constitution, and the constitution provided for a graded premium to be paid according to age. As stated by counsel for defendant:

"The distinction between the Egan Case, on the one hand, and the Pirrung Case and the case at bar, on the other, is that in the Pirrung Case and the case at bar the member at the time of his admission was beyond the age limit; and irrespective of all questions of good faith, and irrespective of the difference between the actual age of the member and the age as represented by him, the Pirrung Case holds that where a member at the time of his admission is older than the limit fixed by the constitution he virtually never becomes a member, and his beneficiaries have no claim whatever against the society."

In the Egan Case the point that the member was beyond the age limit fixed by the constitution was never raised. In the case of Meehan v. Supreme Council, Catholic Benevolent Legion, 95 App. Div. 142, 88 N. Y. Supp. 821, affirmed 194 N. Y. 577, 88 N. E. 1125, the same attorneys appeared as in the Egan Case and the action was against the identical defendant, and the only question submitted to the court was whether the member was beyond the age limit, and counsel for both plaintiff and defendant conceded that if the member was beyond the age limit the plaintiff could not recover.

This conclusion brings me to a consideration of what I have designated as the only real question in this case, that as to whether there was a rescission of the contract in law, notwithstanding the failure of defendant to tender or offer in any way the return of the money paid as premiums or dues by plaintiff's intestate for 22 years. The whole amount of the benefit involved in the case at bar is small, but the principle involved is important, as it has re-

lation to other cases. The court frankly stated to counsel for defendant, when it directed a verdict in his favor, that its sympathies were with the plaintiff, whose husband for 22 years was received as a member of the defendant association, and who paid his dues during all that period; and I am of the opinion that the court should neither search for nor erect barriers to defeat this claim, when justice requires that they be leveled to permit a recovery, if such recovery may be had according to law.

[3] Counsel for plaintiff in his brief says:

"Where one of two parties to a contract seeks to rescind for alleged fraud, the party claiming to be the innocent party must first return or offer to return to the other any and all benefits received by the alleged innocent party from the one who he claims has been guilty of the fraud."

It is true that such a proposition states the general rule of law, but some difficulty has been found in its application to the varying facts in the cases as they arose, and what constitutes a proper or sufficient tender or offer to return is not so readily determined. In the leading case of Harris v. Equitable Life Assur. Soc., 64 N. Y. 199, the court said:

"There is no doubt of the correctness of the general rule that, where a party seeks to disaffirm a contract upon the ground of fraud, he is bound to act promptly upon the discovery of the fraud, and to return, or offer to return, all that he has received under the contract. * * * In other words, a man shall not keep what he has obtained under a fraudulent contract, and then claim that it shall be rescinded without any return."

The court further said (at page 200):

"In Allerton v. Allerton, 50 N. Y. 670, this court held that the rule, that he who seeks to rescind an agreement upon the ground of fraud must place the other party in as good a condition as that in which he was when the agreement was made, is satisfied if the judgment asked for will accomplish that result, and in such case no offer to return that which was received is necessary."

In other words, the court held that there need be no tender or offer to return, when upon the trial before the court the judgment, no matter for which side rendered, would bring about the same result as if a tender or offer had been made. In the case of Bradshaw v. Mutual Life Ins. Co., 205 N. Y. 473, 98 N. E. 853, Chief Judge Cullen in a dissenting opinion said:

"On a repudiation of the agreement, it was bound to restore the premiums it had received. Strictly speaking, it should in its answer have tendered their return and paid the money into court. Waddington v. United Ins. Co., 17 Johns. 23. This remains the general rule throughout the country (1 Bigelow on Frauds, p. 80, and see cases there cited), but it has been modified in this state by the decision in Harris v. Equitable Life Assur. Soc., 64 N. Y. 196. * * * The court held that the offer to allow judgment was a sufficient offer to return, because the judgment in the case could have awarded to the plaintiff the relief to which he was entitled in case the defendant succeeded in its repudiating liability."

The authority of the Harris Case, supra, remains now unquestioned in this state, and has been followed in the case of Spencer v. Citizens' Mutual Life Ins. Co., 3 Misc. Rep. 462, 23 N. Y. Supp. 179, and in the case of Powell v. F. C. Linde Co., 49 App. Div. 290,

64 N. Y. Supp. 153. In the Spencer Case, supra, Judge McAdam, writing the opinion of the court, said:

"There is this additional feature in the case: The defendant never returned nor offered to return the dues received at the time of the reinstatement, nor the payment made thereafter, and is not, therefore, in a position to urge that the contract has been rescinded by it."

In the case at bar no offer of any kind was made by the defendant to return the dues or premiums paid. In answer to the court's question upon the trial as to the necessity for their return or offer to return, there was a desultory statement made by counsel that the benefits received or drawn by plaintiff's intestate exceeded the amount of the dues or premiums paid. There was nothing in the answer to that effect, and there was no evidence before the court to justify the statement as made. The pleadings as they stood, and the procedure upon the trial, and the theory upon which the case was tried, were such that the judgment, when obtained, would not and could not have accomplished the same result as if a tender or offer to return had been made, and which obviates the necessity for a formal tender or offer to return, as the rule is laid down in the Harris Case, supra.

For the reasons assigned, therefore, I am of the opinion that a tender or offer to return the dues advanced by the plaintiff's intestate to defendant was necessary before it could succeed in this action, and, not having done so, the direction of a verdict in its favor was error. The verdict, however, having been directed subject to the opinion of the court under section 1185 of the Code, I do hereby, pursuant to the provisions thereof, set aside the verdict and direct judgment for the plaintiff for the full amount, with interest and costs. Let judgment be entered accordingly.

Judgment accordingly.