HENRY KASS, as Administrator, etc., of EDEL KASS, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— The plaintiff brought this action to recover on three policies of insurance issued January 5, 1931, August 10, 1931, and February 15, 1932. The policies provided for double indemnity in case of death by accident. The insured met his death by accidental means on March 21, 1935. The principal defense was that there was legal fraud and misrepresentation as to the age of the insured in applying for the policies. In all three applications and in the statement on the policies, the age of the insured was given as sixty-five. Obviously this was incorrect, for two of the policies were issued more than thirteen months apart. Competent evidence was received by the declarations of the decedent to the effect that his age was seventy-six at the time the accident occurred causing his death. The defendant called as witnesses two of his sons, who were evasive in their answers when they said that they did not know the age of their father or mother or of their brothers and sisters. Then applications by these two brothers for insurance were received in

evidence, wherein they had stated the age of their father as a part of the family history. These statements made the age of the father greater than that stated in the policy and in the proofs of death. However, this evidence was incompetent and hearsay; and the court was in error in charging that the jury might consider these statements as a part of the family tradition. Age is not necessarily a part of pedigree or genealogy (*Bowen* v. *Preferred Accident Ins. Co.*, 68 App. Div. 342, 343, 344; *Conn. Mut. Life Ins. Co.* v. *Schwenk*, 94 U. S. 593); and the declarations of these living witnesses were not admissible. (*Aalholm* v. *People*, 211 N. Y. 406; *Eisenlord* v. *Clum*, 126 id. 552, 563; 3 Wigmore Evidence [2d ed.], § 1481.) The declarations of the decedent as to his age were admissible; and the written declarations of the deceased wife in her application for insurance were admissible if proper foundation were laid. (*Matter of Fox*, 9 Misc. 661, 679; *Washington* v. *Bank for Savings*, 171 N. Y. 166, 171; 4 Chamberlayne, The Modern Law of Evidence, § 2929.) When evidence is produced showing the true or approximate age of the insured, the presumption that the age in the application or the policy is correct, is overcome. (*Butler* v. *Supreme Council*, 43 App. Div. 531; *Companaro* v. *Prudential Ins. Co. of America*, 235 id. 702.) Judgment for plaintiff for the amount of premiums on a directed verdict after special findings by the jury, and order denying plaintiff's motion for a new trial, reversed on the law and a new trial granted, costs to abide the event. Hagarty, Davis, Taylor and Close, JJ., concur; Adel, J., dissents and votes to affirm, with the following memorandum: A just result has been obtained. It should not be disturbed, especially when, as here, it is recognized that any other result can be supported only upon testimony which, in my opinion, is very suspicious.