In the Matter of the Estate of SEBASTIAN HOH, Deceased.

Surrogate's Court, Queens County, April 29, 1933.

*Victor L. Anfuso*, for the contestants.

*Nicholas Dietz*, for German Evangelical Aid Society.

*William H. Hinrichs*, for Chauncey Meyer.

*Wood, Cooke & Seitz*, for Brooklyn Children's Aid Society.

*Edwin C. Morsch*, for the petitioner.

HETHERINGTON, S. When a party to litigation having the burden of proof, fails to convince two different juries that his contention is right, how many more opportunities must be given so to do? Must he go on in the hope that ultimately some jury will be found to agree with him, meantime impeding probate in disagreement after disagreement? Is the other party to be subjected repeatedly, perhaps interminably, to the expense and inconvenience of resisting the claim? Contestants at bar raised the issues of undue influence and fraud in connection with the making of decedent's will. It was for them to prove. (*Matter of Kindberg*, 207 N. Y. 220; *Matter of Smith*, 180 App. Div. 669.) Two juries have failed to agree, after lengthy deliberation. Jury trial was theirs as a matter of right, but how many such trials? The rule is that he who asserts affirmatively must sustain his assertion by fair preponderence of evidence. Twice have contestants failed to bear the burden and it must be held that they have failed to make out their case, hence I dismissed the objections. They now aver that the surrogate is without authority so to do for the reason that the jury, after reporting its disagreement to the officer in charge, had been allowed to scatter and was not present as a body and could not have been reassembled because some of its members were not in court when the surrogate opened and read its report of such disagreement, and that the matter was in the position of an untried issue, the trial being abortive. This does not, however, remove the fact that the contestants have for the second time failed to sustain their burden nor show any reason for believing that they can do so on a third attempt. The proponent having thus far repelled their attack should not be called upon to meet another. It is further argued that if this cause were in the Supreme Court the judge presiding would have nothing to say concerning the facts and that jury trials in Surrogates' Courts are governed by the same rule. I do not agree that in a similar situation a Supreme Court justice or any other justice presiding at jury term, is without authority to determine the issue himself. (*Butler* v. *Supreme Council, etc.*, 43 App. Div. 531.) Furthermore, the jury in Surrogates' Courts is not quite similar to the jury in other courts, rather it acts in an advisory capacity to the surrogate, who is the arbiter of whether or not a will has or has not been duly made and published, he is the one to be satisfied. The jury may aid him by its answers to the questions submitted, and so far as its response does aid him he may act thereon, otherwise he may disregard it. (*Matter of Eno*, 94 Misc. 100.)

There can be no question about the authority of the surrogate to direct a verdict in a proper case and it well might have been directed here; wherein then lies the difference, since a jury, for the

second time, has failed to agree, in the direction of a verdict, a direction it would have to obey had it been present? However, the jury having been discharged, a verdict was not directed but the objections were dismissed, serving the same purpose. The proffered instrument was duly signed, published and attested in conformity with the statutory requirements; the testator's mental capacity was not questioned; the contestants have failed in their efforts to show undue influence and the paper must be admitted as a valid will.

Motion for a new trial denied. Submit decree admitting the will to probate on notice of settlement.