In the Matter of the Estate of SUSAN E. LAYTIN, Deceased.

Surrogate's Court, New York County, September 15, 1933.

*Milbank, Tweed, Hope & Webb* [*Mizell Wilson* of counsel], for the executor.

*Bauerdorf & Taylor*, for the claimant, George W. Sasse.

*Zabriskie, Sage, Gray & Todd*, for William E. Sims, ancillary committee of Susan Laytin Whittlesey, an incompetent.

*Garfield & Wruble*, for Margaret Wiegand, as trustee.

*Edwin L. Bodow*, for Benjamin Burkan, Matthew Boyland and Alice Jones, claimants.

*Panhorst, Janko & Burby* [*Abraham Janko* of counsel], for Lillian Forsythe, Theodore Wiegand and Margaret Wiegand, claimants.

*Louis A. Cuvillier,* for Cora de Anguera, claimant.

*Mrs. Phoebe Hubbard,* claimant, in person.

FOLEY, S. These are three motions which involve the consideration of exceptions to the report of the referee. As to the allowance of the claims of Margaret Wiegand, individually, Theodore Wiegand and Lillian Forsythe and the disallowance of the claim of George W. Sasse for services rendered to the decedent, the exceptions will be overruled and the findings and the conclusions of the referee sustained. In the determination of those claims the referee was required to pass upon various questions of fact. As the trier of the facts he had the opportunity of personally observing and judging the veracity of the witnesses who testified, and his determinations of the claim, therefore, will not be disturbed.

As to the allowance of the claim of Margaret Wiegand, as trustee, to the decedent's jewelry, however, the exceptions to the report of the referee must be sustained. The claimant sought to establish that a gift of the jewelry in question was made to her as trustee for various persons. She offered in evidence in support of the claim a paper signed by the decedent, which reads as follows:

" NEW YORK, *Jan.* 8, 1932.

" I want my sister Lydia Davis to have my tiara, or crown, also my arrow pin. To Mary Thomson in Canada a diamond bracelet, circle diamond earings to be sold and money sent to her. To Lillie Davis my colored stone bracelet, to Maggie my niece my watch, large ring, large diamond earring, to my niece Maud, bracelet and 2 diamonds from my necklace, Lydia Rudd ring, 2 diamonds from necklace, Adelaide, ring and 2 diamonds from necklace, Theodore and Longin Wiegand each a fly pin and 2 diamonds each from my necklace, Lillian Forsythe bracelet and 2 diamonds Phoebe Hubbard ring and loose diamonds, Bob Ward diamond studs to Willie Lathers, 2 boys, 2 diamonds each to Maude Cavos 2 children 2 diamonds each, rest of loose diamonds from necklace, 1 large diamond earring, one bracelet, to be sold and money sent to Susie Whittlesey with the exception of $1,500.00 fifteen hundred dollars. To Robert C. Ward $1000.00 as I did not leave him any jewels. $500.00 to Theodore Davis. A dimond pin with green leaves to Dodo.

" SUSAN E. LAYTIN

" Mrs. LILLIAN FORSYTHE
" Mrs. PHOEBE HUBBARD."

The elements necessary to constitute Mrs. Wiegand a trustee of the jewelry are entirely absent. *(Brown* v. *Spohr,* 180 N. Y. 201.)

As evidence of a present gift of the jewelry the instrument is entirely ineffectual. It is executory in form and is in the nature of a testamentary disposition. Its executory and testamentary nature is particularly evidenced by the direction that the jewelry " be sold and money sent to Susie Whittlesey with the exception of $1,500.00 fifteen hundred dollars. *To Robert C. Ward $1,000.00 as I did not leave him any jewels. $500.00 to Theodore Davis."* These provisions alone are certainly inconsistent with a present gift. The provisions for Ward and Davis are clearly in the nature of pecuniary legacies, and not present gifts. As a testamentary document, the proof shows that it was not executed in compliance with the formal statutory requirements, and as such, of course, it is of no legal effect. A last will of the decedent, dated March 15, 1929, has been admitted to probate. The paper relied upon in this proceeding to sustain the trust or gift was never offered for probate.

In order to supply the elements lacking in the written document to constitute the claimant a trustee of a present gift for the benefit of the persons named therein, oral testimony was offered in an attempt to show (1) an intention by the decedent to make a present gift; (2) the oral appointment of Mrs. Wiegand, claimant, as trustee; and (3) the constructive or symbolic delivery of the jewelry in the lifetime of the decedent.

It is significant that Mrs. Wiegand was not mentioned as trustee or in any other representative capacity in the paper of January 8, 1932.

The actual circumstances and facts cast serious doubt on the oral testimony offered in support of the claim and destroy its trustworthiness. On Thanksgiving Day, in 1931, according to the testimony of Mrs. Forsythe and Mrs. Wiegand, the decedent stated to them that she desired to make a gift of her jewelry to her relatives. On December 30, 1931, Mr. Sasse, who managed decedent's affairs, suggested that the jewelry would be much safer in a safe deposit box. Accordingly Mr. Sasse and a man from his office accompanied the decedent, Mrs. Wiegand and Mrs. Forsythe to the safe deposit company. It was discovered that the decedent's box was too small to hold the jewelry. A larger box was, therefore, rented. It was provided under the agreement with the safe deposit company that this box should not be opened except in the presence of the decedent, Mr. Sasse, Mrs. Wiegand and Mrs. Forsythe. According to Mrs. Wiegand and Mrs. Forsythe, on the very next day the decedent directed them to go to the bank and get the jewelry. She gave them a note asking the bank to give them the contents of the box. The bank refused them access to the box because Mr. Sasse was not present. It appears that thereafter they went to the

bank several times but could not get access to the box because of the absence of Mr. Sasse. The paper offered in evidence and set forth in full above was signed on January 8, 1932. Mrs. Wiegand made no serious effort thereafter to communicate with Mr. Sasse to inform him of the alleged gift, although his signature, or presence, was required to open the safe deposit box. She made no effort to communicate with the decedent's lawyer. She never notified any of the persons alleged to be the beneficiaries of the jewelry that the gift had been made. Not until after the decedent's death on February 26, 1932, did Mrs. Wiegand come forward with her claim. The document of January 8, 1932, was not produced until after the death of the decedent.

A careful reading of the evidence satisfies me that there was no gift of the jewelry to the claimant, as trustee. In the face of the lack of the disclosure of the instrument until after the death of the decedent, the fact that the decedent was over ninety years of age, the failure of the claimant to receive anything under the probated will, the failure to notify Sasse of the gift, and particularly in view of two damaging letters which have been offered in evidence, written by the claimant to Mrs. Phoebe Hubbard, one of the witnesses to the instrument, wherein she clearly coached the latter as to the questions and answers she was to give as a witness, the entire testimony with respect to the claim has been discredited and has little, if any, probative value.

I hold further that no title or dominion over the jewelry, essential to a complete delivery, was ever obtained by the claimant. (*Matter of Van Alstyne*, 207 N. Y. 298; *Vincent* v. *Rix*, 248 id. 6.) Actual delivery could not have been made unless Sasse attended at the bank for that purpose. Furthermore, the mere delivery by the decedent to the claimant of the key to the safe deposit box did not constitute a constructive or symbolic delivery to her, for and on behalf of the alleged donees, the persons mentioned in the written document of January 8, 1932. The evidence establishes that the claimant here was merely the agent of the decedent and not a trustee for the alleged donees. The agency terminated at her death and the alleged executory transfer was futile and void thereafter. Present delivery necessary to the gift never occurred. As stated in *Vincent* v. *Rix* (*supra*): " While delivery may be made to a third party for and in behalf of the donee, yet handing the property to an agent of the donor to be delivered to the donee is not sufficient. The matter was well stated in *Bickford* v. *Mattocks* (95 Me. 547, 550). ' Not every delivery to a third person is a delivery for the donee, or for the use of the donee, in the sense in which these phrases are used in the cases cited. There may be a delivery to a third

person which constitutes him the agent of the donor, and there may be a delivery which constitutes him a trustee for the donee, and the distinction lies in the intention with which the delivery is made. If the donor deliver the property to the third person simply for the purpose of his delivering it to the donee as the agent of the donor, the gift is not complete until the property has actually been delivered to the donee. Such a delivery is not absolute, for the ordinary principle of agency applies, by which the donor can revoke the authority of the agent, and resume possession of the property, at any time before the authority is executed.' "

As further pointed out in that case, " mere words never constitute a delivery. Neither did it make the donor's agent a trustee for Violet Putnam, as neither she nor her mother had title or possession of the securities whereby to create a trusteeship. (*Brown* v. *Spohr*, 180 N. Y. 201.) " If such agency did exist, it was terminated by the death of the decedent before delivery of the jewelry to the donees. The oral proof is wholly insufficient to establish Mrs. Wiegand as a trustee for the alleged donees. I hold, therefore, both on the law and the facts, that Margaret Wiegand has failed to establish her claim.

The instrument of January 8, 1932, mentioned, among other persons, Mrs. Wiegand as a prospective recipient of three articles of jewelry. Her claim during the entire reference was as trustee, and it does not appear that either she or her counsel asserted any individual right to take these articles of jewelry as a direct donee from the decedent, although in the memorandum submitted on her behalf counsel has called attention to the fact that she is a direct donee of such jewelry. Regardless of this inconsistent situation, however, I hold upon the whole record that she has not established the gift to herself individually.

Certainly the facts in this case demonstrate the accuracy of the following statement so tersely expressed by Judge CRANE in *Vincent* v. *Rix* (*supra*): " While this may be an extreme ruling, yet it indicates the trend of the courts regarding this question of gifts. In order that mistakes may not be made where the alleged donor has passed into silence, delivery beyond the power of further control and dominion must be proved as well as the intention in order to constitute a gift."

Submit decree on notice accordingly confirming the report of the referee, except as herein indicated, and settling the account.