Joseph A. Cox, S.
The objectant to the account of the administratrix is a registered nurse who claims the sum of $25*000 for nursing services allegedly rendered to the decedent during the period June 25, 1943 to June 25, 1958. The proof was that the decedent and the objectant had occupied the same apartment for more than a score of years preceding the decedent’s death and that the objectant’s sister, in poor health during the entire period, also resided in the apartment. A person who had roomed in the apartment for at least 11 years testified that on some occasions he heard the decedent call for the objectant during the night and there was some testimony that the objectant had been seen walking with, the decedent and at other times wheeling the decedent in a park but none of the witnesses produced by the objectant observed the rendition of nursing services or the administration of medication to the decedent. No testimony was presented of any agreement of employment between the decedent and the objectant or of any arrangement as to the rate of compensation to be paid by the decedent for the alleged services.
The objectant appears to rely principally upon a paper writing dated June 25,1958 (16 days prior to. the decedent’s death) and captioned ‘1 Last will and testiment ’ ’. This unattested paper contains a statement that the objectant had taken care of the decedent for 15 years in all of his illness, that the decedent had provided for his family and had been neglected by them and that the objectant had been given no salary. The paper concludes with the words “ she is entitled to whatever
*239 I possess.” Testimony was offered to refute the decedent’s statement that he had provided for his family, but irrespective of the verity of the statements in this paper, it is an ineffectual testamentary instrument which is worthless as a purported admission of a debt (Matter of Laytin, 149 Misc. 60; Matter of Bradbury, 53 N. Y. S. 2d 948). If the decedent’s statement has any significance it is to the effect that any services rendered by the objectant were performed voluntarily without thought of compensation upon either a contractual or quantum meruit basis. “ The basis of a recovery for personal services must, of course, be a contract, and this must either be proven or implied. If the contract be not expressed, it may be implied from the mere rendition and acceptance of the service. The presumption is created that such services are to be compensated, because no one is expected to labor without hire. (Barney v. Fuller, 133 N. Y. 605.) If, on the contrary, it be the natural thing because of the relationship of the parties that services be performed without expectation of pay then there is no such presumption ” (Fox v. Arctic Placer Mining & Milling Co., 229 N. Y. 124, 128). It also is significant, in the light of the apparent relationship of the parties, that demand for payment was not made during the decedent’s lifetime (Matter of Dole, 168 App. Div. 253; Kearney v. McKeon, 85 N. Y. 136; Matter of Van Slooten v. Wheeler, 140 N. Y. 624).
The court finds the testimony offered in support of the objectant’s claim to be too vague and fragmentary to reach the standard of clear and convincing proof which is required when a claim of this size and nature is presented for the first time after death (Frankenberger v. Schneller, 258 N. Y. 270; Matter of Stein, 267 App. Div. 768; Matter of Long, 144 Misc. 181). In the absence of proof of a contract or of the rendition of any measurable body of services the objections are dismissed as without merit. This disposition makes consideration of the applicability of the Statute of Limitations unnecessary and the court’s determination requires a denial of the motion to amend the objections.
Upon completion of estate tax proceedings a decree may be submitted on notice settling the account.