Laurence Wood, S.
Gertrude R. Cork filed a claim with the executor of this estate in the amount of $60,000 contained in a certain bank account standing in decedent’s name alone at the time of his death on the grounds that said bank account was alleged to have been opened by said decedent for her benefit. The claim was duly rejected by the executor. Later the claimant served the executor with an amended claim in the amount of $60,000 plus interest based on an alleged agreement for compensation of claimant for services, alleged to have been performed by her as decedent’s domestic housekeeper; domestic servant; nursemaid; business agent and manager; social secretary and hostess and alleged to have been entered into between claimant and decedent several years prior to his death. This amended claim was also duly rejected by the executor. An action was brought in Supreme Court based on contract in the amount of this claim. The Supreme Court dismissed the complaint on the grounds that the action had not been commenced within three months after the rejection of the claim. Claimant was given leave to pursue her remedy in this court on judicial settlement for which the executor thereafter duly petitioned in this court. Claimant demanded a jury trial which was granted and subsequently the executor was granted a motion to examine the claimant before trial. This examination was completed and some 145 pages of claimant’s testimony was taken.
Thereafter a motion was made by the executor for summary judgment dismissing the claim, which was granted by this court pursuant to rule 113 of the Rules of Civil Practice, by decision of February 14, 1961. An appeal was taken to the Appellate Division, Fourth Department, from the order made pursuant to said decision. The Appellate Division reversed (14 A D 2d 825) this court on the law and the facts and in its memorandum stated that there were triable questions of fact herein. Pursuant to that decision and order of the Appellate Division, a jury trial was held in this court commencing on the 9th day of November, 1961. This trial lasted for five days and the testimony of a great many witnesses was taken and a large number of exhibits were offered and received in evidence.
After hearing testimony and receiving exhibits with regard to the part of the claim directed to the bank account above *633 referred to, the court on motion dismissed that part of the claim on the grounds that the claimant had failed to substantiate it in fact and in law.
The trial then proceeded on a basis of quantum meruit and the executor produced some proof in support of its defense that the claimant had been paid in full by the decedent for any services claimant may have been required to perform for him.
After the jury had been charged by the court on the morning of November 15, 1961, the jury commenced deliberations at approximately 11:15 a.m. and excepting for time out for lunch, deliberated until approximately á :00 p.m. of that day. At that time this court recalled the jury to the courtroom and after being advised that they had not yet been able to reach a verdict, they were asked by the court if any further instructions would be of assistance to them in reaching a verdict. The foreman of the jury replied that he did not believe further instructions would be of any help. He also, in reply to the question of the court, stated that he did not believe there was any possibility of the jury agreeing on a verdict in this case. Another member of the jury then asked for further instructions and after receiving them from the court, at least four jurors now including the foreman declared that in their opinion there now was a possibility of agreeing on a verdict. The court then directed the jury to again retire and continue its deliberations. This the jury did at approximately 4:15 p.m. At approximately 5:05 p.m., the court sent word to the jury directing them to return to the courtroom. The jury replied that in their opinion, if they could have ten minutes more that they might be able to arrive at a verdict. This request was granted. At approximately 5:25 p.m., the court again called for the jury to come back into the courtroom, which they did. In response to the question of the court, the foreman of the jury announced that they still had not been able to reach an agreement as to a verdict but might be able to with more time. At this point, the court observed at least three jurors shaldng their heads in the negative. Thereupon and at approximately 5:30 p.m., the jury was discharged by the court and the court recessed until 10:00 a.m. the following morning.
On the following morning motions were made by counsel for both parties for judgment in this proceeding on the law and on the facts. Decision was reserved on these motions.
This court now grants these motions and hereinafter proceeds to make its decision and grant judgment on the law and on the facts. (Matter of Hoh, 147 Misc. 498, affd. 240 App. Div. 1006.)
*634 This proceeding is in the nature of equity and therefore the right to a jury trial is discretionary with the court and the verdict of the jury, if one can be arrived at, is merely advisory and is not binding upon the court. (Matter of Richards, 5 A D 2d 124.)
The court has heard and carefully weighed all of the testimony taken herein and has examined all of the exhibits received in evidence. I find that the testimony in support of the claimant’s claim was vague, fragmentary and lacking in continuity and detail and did not meet the standard of clear and convincing proof required when a claim of this size and nature is presented after death. (Matter of Heigman, 25 Misc 2d 238, motion to dismiss granted, 13 A D 2d 491; Frankenberger v. Schneller, 258 N. Y. 270.)
I also find that the testimony offered by the executor together with the fair inferences to be drawn therefrom overcame the weight of the claimant’s evidence. Therefore, pursuant to the authority in this court vested and the motions for judgment on the law and on the facts made by both parties, I find in favor of the executor herein and grant judgment dismissing all claims of the claimant, Gertrude R. Cork.