■ BENEDETTO GALIOTO et al., Appellants, v JOSEPH GALIOTO, Respondent. — In an action to recover on a debt, plaintiffs appeal from an order of the Supreme Court, Dutchess County (Wood, J.), dated August 17, 1984, which denied their motion pursuant to CPLR 3213 for summary judgment in lieu of complaint and granted defendant's cross motion for summary judgment dismissing the action.

Order reversed, on the law, with costs, motion granted, and cross motion denied.

The instrument upon which the plaintiffs have sued meets all the requisites of a note (UCC 3-104 [1], [2] [d], [3]; *Carnwright v Gray,* 127 NY 92). The fact that payment becomes due upon such an instrument only on the debtor's death does not render it an invalid attempt at a substitute for a testamentary disposition (*Hegeman v Moon,* 131 NY 462) unless the instrument involves a gift without consideration rather than a contract (*McCarthy v Pieret,* 281 NY 407; *Matter of Laytin,* 149 Misc 60; *cf. Matter of Gallagher,* 153 NY 364). The instrument in this case specifically acknowledges the debt and the purposes for which the proceeds of the loan from plaintiffs had been or were to be used, namely upon home improvements. Clearly there was consideration for the decedent's promise to pay embodied in the note.

Since the note was not payable on demand but only by decedent's estate upon her death, the plaintiffs' cause of action

accrued, and the Statute of Limitations began to run, on August 1, 1983, the day following her death (UCC 3-122 [1] [a]).

Accordingly, the action was timely commenced in May 1984. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.