JAMES D'O. MURRAY, Respondent, v. HOLMES M. NARWOOD, Appellant.

1. TRIAL — BURDEN OF PROOF IN ACTION UPON WRITTEN AGREEMENT DEFENDED ON GROUNDS OF CONSPIRACY AND DURESS — ERRONEOUS REFUSAL TO CHARGE. The defenses of conspiracy and duress interposed in an action to recover upon a written agreement are in reality and in substance negative, in effect alleging that there was no legal contract, and that it never had a valid inception. They pertain to the facts which took place at the time the contract was alleged to have been executed and become the *res gestæ*, upon which the validity of the contract depends. The plaintiff, therefore, in undertaking to prove the contract upon which his action is based, has cast upon him the burden of establishing by a preponderance of evidence that it was a good and valid contract having a legal inception which was binding upon the defendant, and that burden of proof continues with him throughout the case. A refusal of the trial court, therefore, to so charge is erroneous.

2. TRIAL — SUFFICIENT EXCEPTION TO REFUSAL TO CHARGE. Where, on the trial of an action, at the conclusion of the charge, the defendant's counsel presents to the court a number of written requests to charge, and, as the court concludes its review thereof, takes an exception to those requests which the court has refused, such exception is sufficient to bring up for review an erroneous refusal to charge any one of the requests, since the attention of the judge has been specifically called to the question involved by the written requests, and there is no necessity of again repeating it in taking an exception.

3. TRIAL — ERRONEOUS CHARGE. In an action to recover upon a written agreement for the compromise of a suit, alleged by the plaintiff to have been brought to recover damages for criminal conversation, it appeared that on the day of, and after the commencement of, the original suit but before the execution of the agreement on which the present action is brought, another written agreement had been entered into between the same parties in regard to the same matter. The court instructed the jury that such prior agreement was void as against public policy, but

that if there was no connection between the two agreements, and if they were separate and distinct, then the agreement of compromise would not be illegal. On request of plaintiff's counsel the court further charged that "where a contract is in part illegal, and the illegal part is severable from the balance, the effect of such illegality is not to render the whole contract illegal, but the courts will recognize and enforce the legal part, and this is true though the illegality arises out of the violation of a statutory provision." *Held*, error; that although the request may be correct as an abstract proposition of law, it has no application to the circumstances of this case, where, if the two contracts are to be treated as one, it is quite evident that its basis is the alleged criminal conversation of the defendant, which would make it difficult to sever one division of the contract from the other, both being based upon one and the same consideration. The trial court was correct in its first charge; for under it, only in case these two contracts were separate and distinct, made at different times, one pertaining to one cause of action and the other to another cause, can the agreement of compromise be sustained as valid.

*Murray* v. *Narwood,* 119 App. Div. 875, reversed.

(Argued April 17, 1908; decided May 19, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 25, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James W. Osborne, Francis I. Osborne* and *Frederick A. Southworth* for appellant. The court erred in charging as requested by the plaintiff that where a contract is in part illegal and the illegal part is severable from the balance, the fact of such illegality is not to render the whole contract illegal, but the courts will recognize and enforce the legal part. (*Gray* v. *Hook,* 4 N. Y. 449; *Woodworth* v. *Bennett,* 43 N. Y. 273; 15 Am. & Eng. Ency. of Law, 992, 993; *Rose* v. *Truax,* 21 Barb. 361; *Barton* v. *P. J. & U. F. P. R. Co.,* 17 Barb. 397; *McMullen* v. *Hoffman,* 174 U. S. 639; *Embrey* v. *Jennison,* 131 U. S. 336; *Coppell* v. *Hall,* 7 Wall. 542; *C. C. Co.* v. *Hatch,* 19 Tex. App. 120.) There were affirmative

defenses set up in the answer. The court charged that the burden of proof was upon the defendant to establish these defenses. The defendant contends that the burden of proof was on the plaintiff throughout the case and never shifted to the defendant. (*F. L. & T. Co.* v. *Seifke*, 144 N. Y. 354; *Cheever* v. *B. A. I. Co.*, 86 App. Div. 334; 180 N. Y. 550; *Whitlatch* v. *F. & C. Co.*, 149 N. Y. 45; *Delano* v. *Bartlett*, 6 Cush. 364; *Morris* v. *Bowman*, 12 Gray, 476; *Bowers* v. *Russell*, 13 Pick. 69; *Chase's Stephen's Dig.* 244; *Bank* v. *Diefendorf*, 123 N. Y. 191; 111 Mass. 342; *Bank* v. *N. Y. B. Co.*, 148 N. Y. 698.)

*R. A. Mansfield Hobbs* for respondent. The court did not err in charging as requested by the plaintiff. (*Ogden* v. *Barker*, 18 Johns. 87; *Curtis* v. *Leavitt*, 15 N. Y. 9; *Thalimer* v. *Brinckerhoff*, 20 Johns. 386; *Woodworth* v. *Bennett*, 43 N. Y. 275; *Noble* v. *McGurk*, 16 Misc. Rep. 461; *Irvin* v. *Irvin*, 199 Penn. St. 529.) The court did not err in charging that the burden of proof was upon defendant to establish affirmative defenses. (*Day* v. *S. Mfg. Co.*, 13 Misc. Rep. 320; *Secor* v. *Clark*, 117 N. Y. 350; *Yeoman* v. *Townsend*, 74 Hun, 625; *Dugan* v. *Sharkey*, 89 App. Div. 161; *Cheever* v. *B. A. Ins. Co.*, 86 App. Div. 334; *Fenno* v. *Hannan*, 32 N. Y. S. R. 760; *C. Nat. Bank* v. *Koehler*, 117 N. Y. 657; *Young* v. *Covell*, 8 Johns. 23; *Sands* v. *Hildreth*, 14 Johns. 499; *Ayres* v. *Scribner*, 17 Wend. 407.)

HAIGHT, J. This action was brought to recover the sum of $10,000, with interest accrued thereon, upon the following written agreement:

"R. A. MANSFIELD HOBBS,
"ATTORNEY AT LAW,
"271 BROADWAY,
"NEW YORK, *November* 10*th*, 1905.

"It is hereby mutually agreed that the suit of James D'O. Murray against Holmes M. Narwood, be hereby settled and

compromised for the sum of ten thousand dollars ($10,000), to be paid in cash at this office on or before the 1st day of December, 1905.

"JAMES D'O. MURRAY,
"HOLMES M. NARWOOD.
" Witness,
" R. A. MANSFIELD HOBBS."

The facts, in so far as they are material to be here considered, are, in substance, as follows: On the 26th day of October, 1905, the plaintiff returned to his residence at Merrick, Long Island, and found upon his wife's bureau a letter from the defendant addressed to her, from which the plaintiff claims to have drawn the inference that improper relations existed between them. The next day a meeting took place between the plaintiff and the defendant in the presence of Hobbs, the plaintiff's attorney, and at that meeting an action was commenced on behalf of the plaintiff, Murray, against the defendant, in the Supreme Court, county of Nassau, by the service of a summons upon the defendant. No complaint was served, and the parties differ as to what was said with reference to the purpose of the action. The plaintiff claims that it was stated that it was to recover damages for criminal conversation, while the defendant maintains that the action was brought to recover damages for the alienation of the affections of the plaintiff's wife. The meeting concluded with the execution of the following agreement:

" FREEPORT CLUB,
" *October 27th,* 1905.

" The following agreement is made this date, between James D'O. Murray of Freeport, L. I., and Holmes M. Narwood of Brooklyn, N. Y., in consideration of the mutual promises herein contained:

"*First.* That Mrs. Frances W. Murray shall immediately return to her mother's home in Philadelphia, Pa.

" *Second.* That Mrs. Frances W. Murray shall immediately proceed or commence a suit for absolute divorce against her

husband, James D'O. Murray, who will not defend such action, on the ground of desertion or cruelty, or non-support, no alimony to be asked for by Mrs. Murray.

"*Third.* That Holmes M. Narwood agrees to provide for the said Mrs. Murray's support, until such time as it may be mutually agreed by Mr. J. D'O. Murray to discontinue same, and also agrees to look out to the best of his ability for her moral welfare.

"*Fourth.* Holmes M. Narwood agrees to defray the expenses of the divorce action, and also to reimburse Mr. Murray for expenses, etc., incurred by him.

"HOLMES M. NARWOOD.
"JAMES D'O. MURRAY.

" Witness :

"R. A. MANSFIELD. HOBBS."

Thereupon the defendant claims to have paid Mrs. Murray over a thousand dollars, in accordance with the above agreement. Subsequently he received a communication from Mr. Hobbs asking him to call at his office on November 10th. He did so and found Mr. Murray there awaiting him. He was then, as he testifies, charged by Mr. Hobbs with having failed to keep his agreement of October 27th; that he had not reimbursed Mr. Murray for his expenses and damages; that Murray ought to receive $50,000 in settlement for this suit which had been brought. But after an interview with Mr. Murray Mr. Hobbs informed defendant that he would settle for $10,000, and thereupon the paper in suit was drawn and executed.

The answer denied the material allegations of the complaint and alleged illegality of agreement, conspiracy, fraud and duress, and claimed the action was settled by the first contract. Upon the trial the court, in submitting the case, instructed the jurors that the agreement of October 27th was void as against public policy; and if the agreement of November 10th, upon which this action was brought, was a part of the same transaction as that of October 27th, and for the same consideration, the latter agreement would also be tainted with

the vice of the former, and that this action could not be maintained; but if there was no connection between the two agreements, and they were separate and distinct, the action for criminal conversation being one thing and the action for divorce another, then this action could be maintained. He then submitted the question of conspiracy and duress, instructing the jurors that the defendant must satisfy them by a fair preponderance of evidence that there was conspiracy or duress, etc. At the conclusion of the charge the defendant requested the court to charge "that the burden of proof remains upon the plaintiff throughout the case." To this the court replied: "I refuse to charge that in that form. The burden of proof rests in the first instance on the plaintiff to make out his case along the lines I have indicated. The burden of proof to make out the defenses such as I have indicated rests on the defendant."

The defenses of conspiracy and duress were in reality and in substance negative, in effect alleging that there was no legal contract and that it never had a valid inception. These defenses pertain to the facts which took place at the time the contract was alleged to have been executed, and become the *res gestæ*, upon which the validity of the contract depends. This class of defenses is distinguishable from those affirmative defenses which are based upon facts occurring subsequently to the execution of a contract, in which it may be changed, altered, modified or settled. It, therefore, follows that the plaintiff, in undertaking to prove the contract upon which his action is based, had cast upon him the burden of establishing, by a preponderance of evidence, that it was a good and valid contract having a legal inception which was binding upon the defendant, and that burden of proof continued with him throughout the case. As was stated by ANDREWS, Ch. J., in the case of *Farmers' L. & T. Co.* v. *Siefke* (144 N. Y. 354, 359): "It is very common to say in such cases that the burden is upon the defendant to establish the fact relied upon. All that this can properly mean is that when the plaintiff has established a *prima facie* case, the defendant is bound to

controvert it by evidence, otherwise he will be cast in judgment. When such evidence is given, and the case upon the whole evidence, that for and that against the fact asserted by the plaintiff, is submitted to court or jury, then the question of the burden of proof as to any fact, in its proper sense, arises and rests upon the party upon whom it was at the outset, and is not shifted by the course of the trial, and the jury may be properly instructed that all material issues tendered by plaintiff must be established by him by a preponderance of evidence." (See, also, *Whitlatch* v. *Fidelity & Casualty Co.*, 149 N. Y. 45, 49; *Doheny* v. *Lacy*, 168 N. Y. 213, 220; *Lamb* v. *Camden & Amboy R. R. & T. Co.*, 46 N. Y. 271, 279; *Simpson* v. *Davis*, 119 Mass. 269; *Delano* v. *Bartlett*, 6 Cush. Rep. 364; *Klunk* v. *Hocking Valley R. Co.*, 74 Ohio St. 125, 133.) We, therefore, conclude that the ruling of the trial judge in this regard was erroneous.

It is now contended on the part of the respondent that no valid exception was taken to the refusal of the court to charge as requested upon the burden of proof. At the conclusion of the charge, the defendant's counsel presented the court with a number of written requests to charge, including that to which we have called attention. As the court concluded its review of the requests, the defendant's counsel took an exception to those requests which his honor had refused to charge. We think this was sufficient. The attention of the judge had been specifically called to the question, by written requests, and there was no necessity of again repeating it in taking the exception.

As we have seen, the trial court had charged the jury that if there was no connection between the contract of October 27th and that of November 10th, and if they were separate and distinct, then the contract of November 10th would not be illegal. The plaintiff's counsel not being content with this, requested the court to charge that " where a contract is in part illegal, and the illegal part is severable from the balance, the effect of such illegality is not to render the whole contract illegal, but the courts will recognize and enforce the legal

part, and this is true though the illegality arises out of the violation of a statutory provision." This request was charged and exception taken by the defendant's counsel, who thereupon asked the court to charge the jury that this instruction had no application to this case. This was refused and another exception was taken by the defendant's counsel. While the plaintiff's request may be correct as an abstract proposition of law, we fail to see that it has any application to the circumstances of this case. If the contracts of October 27th and of November 10th are to be treated as one contract, it is quite evident that the basis of the contract was the alleged criminal conversation of the defendant. It would consequently be difficult to sever one division of the contract from the other, both being based upon one and the same consideration. We think the trial court was correct in its first charge; for under it, only in case these two contracts were separate and distinct, made at different times, one pertaining to one cause of action and the other to another cause, can the agreement of November 10th be sustained as valid.

For the reasons stated the judgment should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, Vann, Willard Bartlett and Hiscock, JJ., concur; Chase, J., dissents on the ground that the questions were not raised by exceptions in the trial court.

Judgment reversed, etc.