JULES E. BRULATOUR, INC., Respondent, v. MURRAY W. GARSSON, Appellant.

First Department, May 29, 1930.

*Harry L. Kreeger* of counsel [*William Roth* with him on the brief; *Samuel R. Golding*, attorney], for the appellant.

*Karl W. Kirchwey* of counsel [*Joseph M. Kaufman* with him on the brief; *Konta, Kirchwey & Engel*, attorneys], for the respondent.

SHERMAN, J. Whether or not defendant's answer and affidavits present a triable issue sufficient to defeat plaintiff's motion for judgment under rule 113 of the Rules of Civil Practice, is the question presented upon defendant's appeal from the order granting plaintiff's motion.

The action is upon a promissory note for $8,000, dated July 8, 1927, payable one year thereafter, made by defendant to the order of Herbert J. Yates. The affirmative defenses are that the note was without consideration and that its delivery was extorted from defendant by threats made by Yates and his attorney, to prevent defendant from obtaining his discharge in bankruptcy proceedings then pending in the United States District Court against defendant. The answer also pleads that plaintiff had knowledge of these facts at the time it acquired the note. Under sections 94 and 98 of the Negotiable Instruments Law, this defense on its face is sufficient to dispute plaintiff's being a holder in due course without notice of the alleged defect. We must determine, therefore, whether or not upon the proof a real issue arising out of these affirmative defenses is shown to exist.

Defendant claims that when the note was delivered he owed Yates nothing; that bankruptcy proceedings were pending against him in the United States District Court, and that Yates threatened to prevent his obtaining his discharge. Yates was the president of the Consolidated Film Industries, Inc., which held a judgment

against Garsson Enterprises, Inc., for $9,235.12, and which had filed the sole opposition to defendant's discharge.

One week after this note was given to Yates and on July 15, 1927, defendant's application for his discharge was granted by an order of the United States District Court which sets forth that the Consolidated Films Industries, Inc., which had previously filed a notice of appearance in opposition to the discharge, had withdrawn its appearance. Why this opposition was withdrawn is not explained in the affidavits filed by plaintiff. This succession of events gives a semblance of support to defendant's position. On the other hand, plaintiff asserts that the note was given by Garsson to Yates voluntarily and in return for a reduction in the amount of the judgment held by Consolidated Films Industries, Inc., against Garsson Enterprises, Inc., and for an extension of time within which to pay the reduced judgment.

The note is said to have been acquired by plaintiff from Consolidated Films Industries, Inc., in pursuance of a long-established business arrangement whereby the indebtedness of the latter to plaintiff was reduced from time to time by transfer of customers' notes. This, however, was a note made not by one of its customers but by an undischarged bankrupt. The note was not indorsed by Consolidated Film Industries, Inc., when tendered to and accepted by plaintiff. The circumstances shown, as well as the fact that it was made out to Yates (who was not a creditor) instead of to that corporation, are matters which might tend to support defendant's claim that the note was without a valid inception and that plaintiff was not a holder in due course. Duress might be shown despite the letter to the contrary signed by defendant at the time that the note was delivered.

Without in any wise indicating the view that duress exists here, we are forced to declare that an issuable question survives. (*Tidewater Oil Sales Corp.* v. *Pierce*, 213 App. Div. 796; *Moir* v. *Johnson*, 211 id. 427; *Curry* v. *Mackenzie*, 239 N. Y. 267.) Moreover, when the defense of duress to a contract liability is pleaded, the burden of proof ordinarily rests upon a plaintiff to show a good and valid obligation. (*Murray* v. *Narwood*, 192 N. Y. 172.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH and McAVOY, JJ., concur; DOWLING, P. J., and MERRELL, J., dissent.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.