GENESEE VALLEY NATIONAL BANK AND TRUST COMPANY OF GENESEO, as Trustee under a Certain Declaration of Trust Dated November 17, 1926, Respondent, v. AGNES HELFER BOLTON, as Administratrix, etc., of WILLIAM J. HELFER, Deceased, and Another, Defendants, Impleaded with WILLIAM L. EHMANN and MARY EHMANN, His Wife, Appellants.

Fourth Department, November 6, 1936.

*Henry R. Glynn*, for the appellants.

*Elliott A. Horton*, for the respondent.

TAYLOR, J. Appellants are alleged to have accepted a deed of certain realty from the heirs of its owner who had incumbered the premises with a mortgage executed to secure an obligation manifested by a bond. The deed contained an assumption clause purporting to bind appellants personally. The judgment here on appeal declares appellants to be liable for a deficiency resulting from a sale of the premises in a mortgage foreclosure action. The theory upon which the judgment is based seems to be that the deed was accepted by appellants and was recorded and that that sufficed to make the assumption clause binding upon appellants. This is not the law.

" The assumption clause in a deed 'is, properly speaking, no part of the grant. It is a collateral undertaking, personal in its nature, not relating to the land.' Like any contract to be enforcible, there must be a meeting of the minds of the contracting parties, here the grantor and grantee." (*Union Trust Co. of Rochester* v. *Allen*, 239 App. Div. 661, 664, and see *Blass* v. *Terry*, 156 N. Y. 122.)

The answer of appellants asserts — and both appellants testify — that they never owned the property, never accepted a deed of it and

never knew about any assumption clause. The answer also alleges that appellants' signatures upon a certain Exhibit " K " claimed to be an admission of personal liability were obtained by fraud, although appellants were not permitted to give testimony relative to the circumstances surrounding the execution of this document. The burden rested upon plaintiff to prove that the deed was delivered and accepted; that appellants had knowledge of the existence of the assumption clause and that appellants' minds and those of the grantors met as to the provisions and meaning of the clause purporting to bind appellants personally. (*Murray* v. *Narwood*, 192 N. Y. 172.) In the face of appellants' denials and testimony above mentioned, the testimony presented by plaintiff on this subject was too vague and indirect to meet the burden of proof.

There is another feature of the case. The appellants are not personally liable any way under the assumption clause unless their immediate grantors were also personally liable. (*King* v. *Whitely*, 10 Paige, 465; *Vrooman* v. *Turner*, 69 N. Y. 280. Section 176 of the Decedent Estate Law provides that " The heirs of an intestate * * * are respectively liable for the * * * debts of the decedent, arising by simple contract, or by specialty, to the extent of the estate, interest, and right in the real property, which descended to them from * * * the decedent."

In case another trial of this action be had it would be advisable for plaintiff to make some proof as to the " estate, interest, and right " taken by these heir-grantors in the real property in question.

The judgment should be reversed on the law and facts and a new trial granted, with costs to appellants to abide the event.

All concur. Present—SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.