Judgment and order reversed on the law and facts and a new trial, granted, with costs to the appellant to abide the event. Memorandum: The defenses pleaded in this action pertain to the facts which- took place at the time the’ contract was alleged to have been executed, and became the res gestae, upon which the validity of the contract depends. Under those circumstances, the burden was on the plaintiff to prove that the contract was made' as claimed by him and that the words “ but will assume any .further personal claim against first party ” were in the contract, to the knowledge of the defendant, when the defendant executed it. (Murray v. Narwood, .192 N. Y. 172, 177.) The defendant, nevertheless, had to support his allegations of fraud, namely, that the quoted words were inserted in the contract after he had signed it without his knowledge or consent, by clear and convincing evidence. Fraudulent acts will not be presumed. (Lynch v. Gibson, 254 App. Div. 47, 51, affd., 279 N. Y. 634.) But the burden of showing a valid contract remained on the plaintiff at all times. We have reached the conclusion upon the evidence that the disputed words were in the contract when the. defendant signed it. and that they were inserted therein to protect the plaintiff for any claims that Oestreich might make against the plaintiff for wages for the period January 1, 1941, to June 4, 1941. This fact is made apparent by the testimony of the defendant that he assumed payment of the wages due to Oestreich for that period; The verdict on that question was against the weight of the evidence. In view of the defendant’s admission the court should have left it to the jury to say whether the judgment recovered by Oestreich in the City Court involved wages owing Oestreich for the period January 1, 1941, to June 4, 1941, and if- it did, the plaintiff should have had a verdict in such amount. According to Exhibit 7, marked for identification, Oestreich recovered $473 for that period. Exhibit 7 was Oestreieh’s statement of account furnished to the plaintiff in the City Court action. It showed that $473 was claimed by Oestreich as wages due for the period January 1, 1941, to June 4,. 1941. The defendant Fox was present during the whole trial in City Court and testified for Oestreich in that action. It was reversible error to exclude Exhibit 7 for identification, under the circumstances. All concur. (The judgment is for defendant for no cause in an .action for breach of contract. The order denies plaintiff’s motion for a new trial.) Present — Taylor, P, J., Dowling, Harris, MeCurn and Love, JJ. [See post, p. 866.] _