■ METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v. DELORES WHITAKER, Respondent.— Order unanimously reversed and judgment of City Court reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: The plaintiff having established through the testimony of the defendant that the promissory note dated December 13, 1961, upon which this action was brought was signed by defendant as maker, and it appearing on the face of the note that it is a negotiable promissory note (Negotiable Instruments Law; §§ 320, 20, 21, 50) made payable to the plaintiff, " There then arose the presumption that the claimant was the owner of the note and that it was unpaid " (*Matter of Seigle,* 289 N. Y. 300, 302). It was, therefore, error for the Trial Judge to exclude the note when offered into evidence by the plaintiff (Richard, Evidence [9th ed.], § 612; Negotiable Instruments Law, § 35). That evidence was sufficient to make a prima facie case for the plaintiff (Negotiable Instruments Law, § 50; *Wylie* v. *Addoms,* 268 N. Y. 160, 163). The erroneous ruling by the Trial Judge in excluding the note from evidence was clearly prejudicial to the plaintiff (see, 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2002.02). It caused surprise to plaintiff's counsel and placed him in the position of seeking to prove his case only through the mouth of the defendant. Although the evidence thus adduced may have been sufficient to overcome plaintiff's prima facie case (*Fleming* v. *Ponziani,* 24 N Y 2d 105, 110–111; *Murray* v. *Narwood,* 192 N. Y. 172; *Jules E. Brulatour, Inc.* v. *Garsson,* 229 App. Div. 466), inasmuch as it came from an adverse witness a question of fact for the jury remained (*Becker* v. *Koch,* 104 N. Y. 394, 400–404; Richardson, Evidence [9th ed.], §§ 495, 520). At any rate, on such turn of events during the trial the court abused its discretion in denying plaintiff's motion for a mistrial (*Pirrung* v. *Supreme Council,* 104 App. Div. 571, 575-576; CPLR 4402; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4402.02). (Appeal from order of

**730**

Oneida County Court affirming judgment of Utica City Court in action on promissory note.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.