OPINION OF THE COURT
Ferdinand M. Pellegrino, J.
This proceeding was commenced to recover possession of respondent’s apartment upon the ground of an unauthorized occupancy.
The respondent alleges that the occupant is a member of the tenant’s immediate family, and secondly, waiver.
The petitioner produced Christoper Rienzo, who testified substantially: that he works for the managing agent; that he maintains lease files; that he does not see rent payments because they are mailed to a lockbox; that only if there is a problem does the rent payment go to his desk; that the agency manages some 25,000 units, and, finally, he had no information of any unauthorized occupancy.
The respondent produced Abraham Mund, who testifed substantially: that he is the grandnephew of the tenant; that he is taking care of his granduncle, an 84 year old; that he attends Columbia University seeking an MBA-JD degree therefrom; that he entered the apartment May, 1980; that he discussed the renewal lease with one Sylvia, an employee of the agent; that his name is entered on the doorman’s book; that his name is on the mailbox; that he paid the rent for his granduncle by bank money order on *897 several occasions with his name on the checks; that he talked with the doorman and superintendents; that his granduncle asked him to come to America and stay with him; that the granduncle goes to Brazil four to six months out of the year to remove himself from the eastern cold weather, and conduct business in Brazil; that prior to May, 1980, the tenant lived with a woman named Eve; that he occupies the apartment full time even when the tenant is in Brazil; that he was in America two days prior to attending class; that he cannot anticipate when he will leave the apartment; that he has no medical degree or geriatric training, and had some first aid training in Germany prior to his entry into this country.
Samual Yasser testified substantially: that he moved into the subject apartment eight years ago when it was occupied by one Eve Newcomb; that she left, and eventually the lease was in his name solely; that Eve married, divorced, and again took up occupancy in the subject apartment; that he is 84 years of age; that during his last visit in Brazil he was hospitalized twice, one for falling into the street, once feeling faint; that he was in Brazil during November, 1981, and remained there four or five months; that he lives at a friend’s apartment and has an open invitation to live there on his visits there; that his doctor here is Willie Moscowitz; and that he pays all the bills with his money; and, finally, his grandnephew sees to it that the bills are paid.
Firstly, a court will consider if the grandnephew is to be considered a member of the tenant’s immediate family. Subdivision B of section 54 of the amended Code of the Rent Stabilization Association of New York City, Inc., defines the term immediate family which includes a husband, wife, daughter, son, stepson, stepdaughter, father, mother, father or mother-in-law.
The New York City Rent and Rehabilitation Law (Administrative Code of City of New York, § Y51-3.0, subd e, par 2, subpar [i], cl [7], subcl [v]) defines the term “related persons” as a parent, grandparent, child, stepchild, grandchild, brother or sister of the tenant or of the tenant’s spouse or the spouse of any of the foregoing.
*898 This court holds that a grandnephew does not constitute a member of the tenant’s immediate family. Accordingly, the tenant’s position in this regard is untenable.
Secondly, the defense of waiver.
It is settled law that waiver of one unauthorized subtenancy does not constitute a waiver of the right to object to a subsequent unauthorized subtenancy (Haselnuss v Sharmat, NYLJ, March 20, 1979, p 10, col 6 [App Term, 1st Dept]).
The issue of waiver has been fully discussed in Ilfin Co. v Gatto (NYLJ,. Nov. 26, 1979, p 6, col 1), in which the Appellate Term, First Department, discussed in detail what must be established to constitute a waiver. Subsequently, in Le Tam Realty Corp. v Hand (NYLJ, July 16, 1980, p 10, col 2), Appellate Term, First Department, reaffirmed the holding in the Ilfin case (supra), holding in part: “The law in New York is clear that proof of knowledge by the landlord of the existence of a breach of the lease over a period of years will establish a knowing waiver by the landlord of the right to act on that breach (Ilfin Co. v. Gatto, N.Y.L.J., Nov. 26, 1979 [App. Term, 1st. Dept.]). Similarly, acceptance of rent with knowledge of the lease breach will also act as a waiver (Melroy Realty v. Siegel, 60 Mise. 2d 383). Equally well settled, however, is the proposition that the party asserting the existence of the waiver bears the burden of proof on that issue (Murray v. Narwood, 192 N.Y. 177).”
In 498 West End Ave. Realty Co. v Massee (NYLJ, Feb. 6, 1981, p 4, col 1 [App Term, 1st Dept]), the court held in part: “In both Ilfin and LeTam, however, we cautioned that this court would not yield readily to an assertion of waiver, and would do so only upon clear and convincing evidence establishing that a waiver had indeed taken place.”
Waiver is defined as “The intentional or voluntary relinquishment of a known right” (Black’s Law Dictionary [4th ed], p 1751).
In the case at bar there was no proof offered indicating a voluntary or intentional relinquishment of a known right. All checks were deposited into a lockbox, and as long as the code numbers and the rental matched the checks were sent *899 through for deposit. As a matter of fact as soon as this occupancy came to light, the present suit was commenced.
The court upon due deliberation of the credible evidence, and the applicable law as pronounced above, concludes that the respondent has failed to establish the defense of waiver, and
Accordingly, the petitioner is entitled to a final judgment of possession. The warrant is issued forthwith, execution thereof stayed through January 19,1983, on condition that the respondent within five days hereof pays to the petitioner any arrears for use and occupancy at the rate previously payable as rent that may have accrued since entry of judgment herein. Thereafter, pays to the landlord at the same rate for use and occupancy on each subsequent rental due date. In the event of respondent’s failure to comply with the foregoing conditions, petitioner may move on three days’ notice to vacate and accelerate the stay.