■ BRAYNO REOME et al., Appellants, v CORTLAND MEMORIAL HOSPITAL, Defendant, and KYE H. BANG et al., Respondents.— Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered July 13, 1988 in Cortland County, upon a verdict rendered in favor of plaintiff Brayno Reome against defendant Ho Woon Lee.

Plaintiff Brayno Reome (hereinafter plaintiff) is a retired housepainter with a history of heart and circulation problems. In August 1983, plaintiff was admitted to defendant Cortland Memorial Hospital where an arteriogram was performed which revealed a blockage in an artery in his right leg. Defendant Ho Woon Lee removed the blood clot and did a bypass on this artery. By October 1983, it was apparent that the bypass was not successful and a below-the-knee amputation was performed. A penrose drain, which facilitates removal of blood and other fluids after surgery, was inserted and then removed about three days after the amputation. However, a portion of the drain was left in plaintiff, who continued to complain of pain in his leg and was treated by Lee until about July 1984. In September 1984, the imbedded portion of the drain was discovered and thereafter removed by another physician. Plaintiff continued to experience pain and difficulty in using a prosthesis.

Plaintiff and his wife commenced this action against the hospital, Lee and defendant Kye H. Bang, who plaintiff claimed made the initial attempt to remove the drain although Lee and Bang agreed that Lee had performed that procedure. Plaintiff alleged malpractice in, *inter alia,* failing to properly remove the drain. At the close of plaintiffs' proof, the complaint against the hospital was dismissed. The jury found Lee negligent in failing to remove the drain and Bang not negligent. Plaintiff was awarded $3,500 for medical expenses and $10,000 for pain and suffering. No damages were awarded to plaintiff's wife. Plaintiffs' motion to set aside the verdict as inadequate was denied. From the judgment entered thereon, plaintiffs appeal.

The narrow but overriding issue on this appeal is whether Supreme Court properly denied plaintiffs' mistrial motion. Although the decision to grant a mistrial in a civil case is generally a discretionary matter for the trial court, we are of the view that certain events are so extraordinarily prejudicial that a mistrial is required as a matter of law *(see, e.g., Metropolitan Life Ins. Co. v Whitaker,* 34 AD2d 729) and that the instant trial contained one of those events.

The record discloses that during a recess in Lee's direct testimony, a juror collapsed and suffered what appeared to be a stroke or heart attack. Lee, his attorney and one or more jurors carried the stricken juror to an open area near the jury box where Lee administered aid including a blow to the chest, assisted by Bang, stethoscope in hand. This activity was observed by the jurors, including the alternate. The jury was removed before the ambulance and paramedics arrived. When the jurors were returned to the jury box Supreme Court advised them that the stricken juror had been removed to the hospital, that an alternate juror would take his place, and that the matter would proceed unless any of the jurors felt unable to serve because of this incident. The next morning the court informed the jury that the ill juror had not been admitted to the hospital and that he was apparently fine. The likely conclusion to be drawn by the jurors was that Lee had competently administered emergency medical care, possibly saving their fellow juror's life. While the jurors manifested that they harbored no bias as a result of the unfortunate occurrence and indeed found Lee liable for damages, the unconscionably low award suggests that the jury was subliminally influenced to view Lee favorably at plaintiffs' expense.*

A trial court decision to deny a mistrial motion is reversible error "where it appears that the motion should have been granted 'to prevent a substantial possibility of injustice' " (Cohn v Meyers, 125 AD2d 524, 527, quoting Halstead v Sanky, 48 Misc 2d 586, 588; see also, Woodard v City of Albany, 81 AD2d 947). Here, the probability of injustice was more than substantial, it was virtually inevitable. The favorable bias that Lee's admirably humanitarian efforts created could not have been displaced by curative instructions however conscientiously given by Supreme Court and earnestly sought to be adhered to by the jury. Certainly, if the jurors had seen Lee render such emergency services prior to the trial they would have been dismissed out of hand during jury selection.

Other States have come to the conclusion that medical assistance furnished by a doctor, who is a witness or party, to a juror in the presence of the jury seriously undermines its integrity (see, Campbell v Fox, 113 Ill 2d 354, 498 NE2d 1145; State v Hunt, 25 NJ 514, 138 A2d 1). In Campbell v Fox (supra) the facts were quite similar. During the plaintiff's

---

* The standard of review required by CPLR 5501 (c) does not apply since this action was commenced before July 30, 1986 and trial began before August 1, 1988 (L 1988, ch 184, § 20; L 1986, ch 682, § 12).

opening statement in a medical malpractice suit, a juror seemed to lose consciousness, the Judge called for "C.P.R. treatment", and the defendant doctor came to the juror's aid carrying her from the jury box to a counsel table, at which point, without further assistance, the juror revived. After the juror had been taken to a hospital, the jury was advised of her condition, an alternate juror was substituted in her place and the jurors were interrogated regarding their ability to remain impartial. The trial court's decision denying the plaintiff's motion for a mistrial was ultimately reversed and a new trial was granted by the Illinois Supreme Court, which reasoned that the "unusual events" presented the defendant there in such an advantageous light so as to predispose the jurors in his favor, despite their assertions to the contrary when questioned *(supra,* at 358, at 1147).

Likewise, this court, in a case involving the resuscitation of a man in the courthouse by a medical malpractice defendant during the course of the latter's trial, did not order a mistrial because there was no proof that the jury had learned of the incident *(Brandon v Karp,* 112 AD2d 490, 493), suggesting that had the jury been aware of the defendant's rescue efforts the result would have been otherwise.

Inasmuch as a new trial is to be had, we deem it judicious at this time to confront plaintiffs' other contentions. First, we reject plaintiffs' claim that Supreme Court committed reversible error in failing to allow a registered nurse to quantify plaintiff's level of independence. There was extensive evidence from plaintiff and his family concerning how the disability affected plaintiff's ability to act for himself. Under such circumstances, the jury had sufficient evidence to decide the extent of plaintiff's disability so that the testimony sought from the nurse was cumulative and unnecessary. Second, we refuse plaintiffs' invitation to change our ruling which prohibits counsel from suggesting to the jury an amount of damages in medical malpractice actions *(see, Bechard v Eisinger,* 105 AD2d 939, 941-942). Thus, Supreme Court's instruction to the jury to disregard the suggestion by plaintiffs' attorney as to an appropriate amount of damages was entirely proper.

Judgment modified, on the law and the facts, with costs to abide the event, by reversing so much thereof as entered judgment against defendant Ho Woon Lee and dismissed the cause of action against defendant Kye H. Bang; matter remitted to Supreme Court for a new trial with respect to said defendants; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.